**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Richard C. Wootton (SBN 88390)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA  94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant
MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES MID-PACIFIC, INC., <br><br>Plaintiff, <br><br>v. <br><br>PIONEER, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC. <br><br>Defendants. | Case No.:  C-07-3849-JL <br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BASED UPON THE APPLICABLE STATUTE OF LIMITATIONS** <br><br>Date:   October 17, 2007 <br>Time:   9:30 a.m. <br>Place:  Courtroom F |

The defendants Marbulk Canada Inc., Marbulk Shipping Inc., and CSL International, Inc., [collectively referred to as "Defendants"] submit their memorandum of points and authorities in support of their Rule 12(b)(6) motion to dismiss for failure to state a claim based upon the applicable statute of limitations.

**I.     INTRODUCTION AND SUMMARY OF THIS MOTION**

This action arises as the result of the Plaintiff's claim that certain cargo [sand] shipped aboard the *M/V Pioneer* from Sechelt, British Columbia, Canada to Plaintiff [or Plaintiff's customer] in Redwood City, California was contaminated during the voyage. The Plaintiff contends that it first learned of the alleged contamination on July 30, 2004 and that the Defendants are responsible for its alleged resulting damages.  The Plaintiff filed its

CSL.Hanson/2554

-1-   Case No. C-07-3849-JL
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS . . .

Verified Complaint for breach of contract and for negligence on July 26, 2007, ***almost three years after it discovered the alleged contamination.***

The Plaintiff's complaint ***fails to state a claim because it is barred by the applicable one-year statute of limitations*** incorporated into the parties' Contract of Affreightment ("COA"). The COA provides that ***"the carrier and the ship shall in any event be discharged from all liability whatsoever in respect of the goods, unless suit is brought within one year of their delivery."*** This action was brought well outside the one year time limitation and is therefore time-barred.

The Defendants submit that the Plaintiff's complaint fails to state a claim and is time-barred based, in part, upon the following:

(1) The sand cargo was loaded in Sechelt, British Columbia, Canada on or about July 23-28, 2004;

(2) The *M/V Pioneer* arrived in San Francisco on or about July 28, 2004 and on July 30, 2004 "Plaintiff first became aware that foam material was found in the sand" and that its customer "refused to accept the sand cargo that was discharged in Redwood City due to Contamination;"

(3) The Contract of Affreightment dated August 3, 2001 and attached as **EXHIBIT A** to the Plaintiff's Complaint incorporates within its "Clause Paramount and Limitation of Liability" provision that the Hague Rules, as amended, and the Hague-Visby Rules shall apply in favor of the carrier or owner of the vessel;

(4) The Hague and Hague-Visby Rules provide a one-year statute of limitations within which the cargo claim must be brought; and,

(5) The Plaintiff waited nearly three years before filing suit in this action, resulting in its claim being time-barred.

The Defendants therefore request that the Plaintiff's Complaint be dismissed as a result of its failing to state a claim upon which relief can be granted.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

## II. FACTUAL BACKGROUND

This claim arises out of the shipment of a single grade of sand from Sechelt, British Columbia to Redwood City, California in July, 2004 pursuant to a Contract of Affreightment between CSL International, Inc. and Hanson Aggregates. Hanson Aggregates has filed suit in the U.S. District Court for the Northern District of California against the vessel PIONEER; her owner, Marbulk Canada, Inc.; time charterers Marbulk Shipping, Inc.; and, CSL International Inc. The complaint alleges causes of action for breach of contract and negligence causing damage to cargo.

### A. The Contract of Affreightment

As the Plaintiff points out in the Complaint, CSL International and the Plaintiff entered into a written COA dated August 3, 2001 in which it was agreed that CSL International would make arrangements to transport and carry cargo for the Plaintiff. Paragraph 21 of the COA is entitled "Clause Paramount and Limitation of Liability." A "Clause Paramount" is a provision in private contracts whereby parties elect their own cargo liability rules. Generally parties will incorporate U.S. COGSA [the Carriage of Goods By Sea Act], or the Hague or Hague-Visby Rules. The effect of the election to incorporate the rules into the agreement is to make them *applicable* to the agreement as a whole. *See e.g., Admiralty and Maritime Law, Practitioner Treatise Series*, 2nd Edition, Volume 2, Thomas J. Schoenbaum, § 11-13 (citing *United States v. M/V Marilena P*, 433 F.2d 164 (4th Cir. 1969)).

The COA provides in relevant part that:

> It is expressly agreed that the Owner of the Vessels performing hereunder shall have the benefits of the "Rights and Immunities" in favor of the carrier or the Owner of said Vessels and shall assume the "Responsibilities and Liabilities" as defined in the International Convention for the Unification of Certain Rules Relating to Bills of Lading signed at Brussels on the 25th of August, 1924 (the "Hague Rules") as amended, if that be the case, by the Protocol signed at Brussels on the 23rd February, 1968 (the "Hague-Visby Rules"). Nothing contained herein shall be deemed to be a surrender by the Owner of any Vessel performing hereunder of any of their rights or immunities or an increase of their responsibilities or liabilities under the Hague Rules or the Hague-Visby Rules. If any provision of this Contract or of any Charter Party be repugnant to the Hague Rules (or the Hague-Visby rules, if applicable) such term, condition or exception shall be void to that extent but no further. . . .

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-3-   Case No. C-07-3849-JL
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR RULE 12(b)(6) MOTION TO DISMISS . . .

See COA, Paragraph 21, attached as **EXHIBIT ONE** to the declaration of Marc T. Cefalu ["Cefalu Decl."] filed concurrently herewith.

Here, the Hague and Hague-Visby Rules have been specifically incorporated into the COA and therefore provide the statutory framework for determining the applicable statute of limitations in this action.

### B.    The Cargo, the Claim and the Filing of this Lawsuit

As the Court is aware, a Rule 12(b)(6) motion tests the legal sufficiency of the claims and the court must decide whether the facts alleged, *if* true, would entitle the plaintiff to some form of relief or legal remedy.  For purposes of this motion, the Court must accept the facts as pleaded in the Complaint as true.

The Complaint provides the following facts which bear upon this motion:

(1) "On or about July 23, 2004, the Vessel arrived in Sechelt, British Columbia, Canada to be loaded with Plaintiff's sand."  See Plaintiff's Complaint, p. 3, lns. 6-7.  A true and correct copy of the Plaintiff's Complaint [excluding its attachments] is attached as **EXHIBIT TWO** to the Cefalu Decl.

(2) "On or about July 30, 2004, Plaintiff first became aware that the foam rubber material was found in the sand."  See Plaintiff's Complaint, p. 3, lns. 18-19.

(3) "On or about July 30, *2004* RMC Harbor [Plaintiff's customer] refused to accept the sand cargo that was discharged in Redwood City due to contamination."  See Plaintiff's Complaint, p. 3, lns. 20-21.

(4) "HANSON immediately communicated the problems with the contaminated sand to CSL.  In or about August, *2004*, the sand was inspected and contamination noted by Cullin Maritime, CSL's claims adjuster."  See Plaintiff's Complaint, p. 4, lns. 4-6.

The Plaintiff's Complaint was filed on July 26, *2007*.  Cefalu Decl. at ¶ 4.

///

///

///

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

### III. LAW AND ARGUMENT

#### A. Rule 12(b)(6) Authorizes Dismissal on Statute of Limitations Grounds

Federal Rule of Civil Procedure 12 (b)(6) provides relief to a party where a complaint fails to state a claim. A motion to dismiss under F.R.C.P. 12 (b)(6) is proper where the claim, on its face, discloses some absolute defense or bar to recovery. "A Rule 12(b)(6) motion is similar to the common law general demurrer: i.e., it tests the *legal sufficiency* of the claim or claims stated in the complaint. The court must decide whether the facts alleged, if true, would entitle plaintiff to some form of legal remedy." Schwarzer, Tashima & Wagstaffe, CAL. PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) pg. 9-52, ¶ 9:187.

Where the facts and dates alleged in the Complaint show that the claim is barred by the applicable statute of limitations, a motion to dismiss for failure to state a claim is appropriate. The complaint fails because the action is time-barred. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *ALA, Inc., v. CCAIR, Inc.*, 29 F.3d 855, 859 (3rd Cir. 1994).

Because the plaintiff's claim is subject to an agreed upon ***one-year*** statute of limitations and because this action was not filed ***until almost three years after the plaintiff knew of the loss,*** it is time-barred.

#### B. The Hague and Hague-Visby Rules' One-Year Time Bar Requires that this Claim be Dismissed

Paragraph 21 of the COA provides that the "Hague Rules" and the "Hague-Visby Rules" apply to the contract. The Hague-Visby Rules provide that suit for a cargo damage claim ***must be brought within one year of the loss.*** The Hague-Visby Rules specifically provide at Article III, Paragraph 6 that:

> Unless notice of loss or damage and the general nature of such loss or damage be given in writing to the carrier or his agent at the port of discharge before or at the time of the removal of the goods into the custody of the person entitled to delivery thereof under the contract of carriage, or, if the loss or damage be not apparent, within three days, such removal shall be *prima facie* evidence of the delivery by the carrier of the goods as described in the bill of lading.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

> The notice in writing need not be given if the state of the goods has at the time of their receipt been the subject of joint survey or inspection.
>
> ***Subject to paragraph 6bis the carrier and the ship shall in any event be discharged from all liability whatsoever in respect of the goods, <u>unless suit is brought within one year of their delivery</u> or of the date when they should have been delivered.*** This period may, however, be extended if the parties so agree after the cause of action has arisen.
>
> In the case of any actual or apprehended loss or damage the carrier and the receiver shall give all reasonable facilities to each other for inspecting and tallying the goods.

Hague-Visby Rules, Article III, Paragraph 6 (emphasis added).

Because the Hague-Visby Rules are specifically incorporated into the COA, ***the one-year statute applies to this claim***. *See, e.g., Great American Ins. Co. v. M/V Handy Laker*, 2003 AMC 116, 136-37; *Itel Container Corp. v. M/V Titan Scan*, 139 F.3d 1450 (11th Cir. 1998). Since this action was not filed within that time, it is time-barred given the facts alleged in the Complaint.

It is anticipated that the plaintiff will argue, however, that the Hague-Visby Rules one year time bar was not incorporated into the COA by a mere general and non-specific reference to the Hague Rules, as opposed to a specific reference by incorporation to the time for suit clause. That argument is without merit. Reference to the Hague and Hague-Visby Rules in their entirety is adequate to incorporate the time-bar clause. Incorporating regulations by reference has long been held binding upon parties to a contract even where the entirety of the incorporated legislation was not set forth in the contract. It is enough that the Hague and Hague-Visby Rules are incorporated in their entirety. *In re Marine Sulphur Queen,* 460 F.2d 89, 102 (2nd Cir. 1972). What's more, the COA Clause Paramount provides that:

> Nothing contained herein shall be deemed to be a surrender by the Owner of any vessel performing hereunder of any of their rights or immunities or an increase of any of their responsibilities under the Hague Rules or the Hague-Visby Rules.

COA, Paragraph 21.

This language reserves to the parties to the COA all of the rights and immunities under the Hague Rules or the Hague-Visby Rules. The one-year time-bar is one such immunity. The
COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

Clause Paramount's reference and incorporation of the Hague and Hague-Visby rules, therefore incorporates the one-year time bar provision into the COA as well.

We also anticipate that the plaintiff will argue that the Clause Paramount does not provide protection to CSL International because that clause applies to the "Owner of the Vessels performing hereunder." The Plaintiff's contention is *wrong*. The COA provides certain definitions in paragraph 1.1. The parties [CSL International Inc., and Hanson Aggregates Mid Pacific Inc.,] specifically agreed that "'**Owner**' *means CSL* or the owners of any vessel utilized in the performance of the Contract." COA, paragraph 1.1(e) (emphasis added). Therefore, the language in the Clause Paramount referring to "Owner" necessarily includes CSL International within that clause.

Even were the Court to conclude that CSL is not protected pursuant to the language set forth above, defining it as "Owner," the time-bar defense is still applicable to CSL International as carrier. The Clause Paramount also provides that:

> Nothing in this Contract shall be Construed as in any way restricting, excluding or waiving the right of any *relevant party* or person to limit his liability under any available legislation or law contained in the enactment in the Country of shipment giving effect to the Rules contained in the Hague Rules.

COA, Paragraph 21 (emphasis added).

It is undisputed based upon the facts alleged in the Complaint that this shipment originated in Canada and therefore, Canadian law will apply in protecting any "relevant party." CSL International is obviously a "relevant party" because it is both a signatory to the COA and because it is a named defendant in this action. CSL is also a "party" because it is defined as such in Paragraph 1.1(f) of the COA. The Canada Marine Liability Act, S.C., 2001, c.6, Part V, Paragraph 43(1) provides: "The Hague-Visby Rules have the force of law in Canada in respect of contracts for the carriage of goods by water between different states as described in Article X of those Rules." Because the sand cargo was shipped from Canada, CSL International is entitled to the protection of the one year time bar as a "relevant party" to the action even were this Court to conclude that CSL International is not an "Owner" pursuant to the agreement. ***Since the Plaintiff failed to file suit within one year, this***

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

*action should be dismissed.*

## IV. CONCLUSION

Based upon the above, the Defendants submit that the Plaintiff's Complaint fails to state a claim upon which relief can be granted since it was not filed within the applicable statute of limitations. The Defendants request that the case be dismissed.

Dated: September 12, 2007

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendant
MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC.

By: _____/S/_____
      Richard C. Wootton

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554