1  **COX, WOOTTON, GRIFFIN,**
   **HANSEN & POULOS, LLP**
2  Richard C. Wootton (SBN 88390)
   Marc T. Cefalu (SBN 203324)
3  190 The Embarcadero
   San Francisco, CA 94105
4  Telephone No.: 415-438-4600
   Facsimile No.: 415-438-4601
5
   Attorneys for Defendants
6  MARBULK CANADA, INC.,
   MARBULK SHIPPING, INC., and
7  CSL INTERNATIONAL, INC.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10 HANSON AGGREGATES MID-        )    Case No.: C-07-3849-JL
   PACIFIC, INC.,                )
11                               )    **DEFENDANTS' REPLY BRIEF IN**
                     Plaintiff,  )    **SUPPORT OF MOTION TO**
12                               )    **DISMISS PURSUANT TO RULE**
            v.                   )    **12(b)(6)**
13                               )
   PIONEER, IN REM, its engines, tackle, )  **Date: October 17, 2007**
14 equipment, furnishings and machinery, IN )  **Time: 9:30 a.m.**
   PERSONAM MARBULK CANADA,      )    **Place: Courtroom F**
15 INC.; MARBULK SHIPPING, INC.; and )  **Magistrate Judge James Larson**
   CSL INTERNATIONAL, INC.       )
16                               )
                     Defendants. )
17 _____)

18        Defendants Marbulk Canada Inc., Marbulk Shipping Inc. [the "Marbulk

19 Defendants"], and CSL International, Inc. ["CSL"], submit their reply brief in support of

20 their Rule 12(b)(6) motion to dismiss for failure to state a claim based upon the applicable

21 statute of limitations.

22 **I.      SUMMARY OF REPLY**

23        The plaintiff's arguments in opposition to defendant's Motion to Dismiss fail at

24 every turn.

25        The plaintiff admits that the Contract of Affreightment ["COA"] incorporated the

26 Hague-Visby one-year statute of limitations, yet it maintains that this doesn't apply to CSL,

27 even though plaintiff and CSL were the only signatories to the agreement. That is, plaintiff

28 pretends that whenever CSL chartered a vessel from another owner to carry plaintiff's

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

                                    -1-                    Case No. C-07-3849-JL

1 cargo, the time bar provision would only apply to plaintiff's claims against the vessel

2 owners with whom CSL arranged to carry the cargo. Plaintiff doesn't explain why CSL

3 would contractually protect all the vessel owners and carriers of plaintiff's cargoes *except*

4 *itself*. It can't, of course. As we'll see, the only reasonable interpretation of the contract

5 confirms that this provision was intended to apply to CSL *and* all other vessel owners or

6 carriers with whom CSL arranged to carry plaintiff's cargoes.

7 Further, the plaintiff ignores black letter law requiring a 12(b)(6) motion to be

8 determined based upon facts alleged in the complaint. Instead, plaintiff attempts to

9 introduce facts by way of declaration, that it could have and should have plead in the

10 complaint. The facts related to its waiver argument simply cannot be considered.

11 Finally, even if the Court were inclined to consider the facts alleged in the

12 declaration, they don't support the contention that any defendant waived the statute of

13 limitation. Simply put, while plaintiff and defendant CSL corresponded in the three months

14 following the delivery of the cargo and plaintiff made a settlement demand inside the

15 applicable one year statute, *CSL never agreed to that demand, never made any offer of any*

16 *kind whatsoever, and never admitted liability*. Even more important, plaintiff never asked

17 for an extension of the time bar and no extension was ever granted it.

18 The purpose of the statute of limitations is to prevent claimants from sitting on their

19 rights. Unfortunately, that's exactly what plaintiff did here. The motion should be granted.

20 ## II.    LAW AND ARGUMENT

21 ### A.    A STATUTE OF LIMITATIONS DEFENSE IS PROPERLY RAISED IN A 12(B)(6) MOTION TO DISMISS.

22

23 Although there is little on which we agree, plaintiff does not contest that a Motion to

24 Dismiss is appropriate to raise a statute of limitations defense. The law clearly provides that

25 it is. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *ALA, Inc., v. CCAIR,*

26 *Inc.*, 29 F.3d 855, 859 (3rd Cir. 1994).

27 The complaint alleges that the plaintiff's loss was discovered on July 30, 2004, but

28 the complaint was not filed until July 26, 2007. What's more, where a statute of limitations

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

1  defense is disclosed based on the facts alleged in the complaint, the plaintiff is obligated to

2  plead specific facts to justify its failure to comply with the applicable time bar. *Xechem*

3  *Inc., v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). Hanson's complaint

4  fails to allege facts justifying plaintiff's filing of this action years late. Because the COA

5  incorporated the Hague-Visby one-year statute of limitations for claims against CSL and all

6  other vessel owners with whom it arranged to carry the plaintiff's cargoes, this action should

7  be dismissed.

8  **B.    PLAINTIFF ADMITS THE COA INCORPORATED THE HAGUE-VISBY RULES**

9

10  As we explained in our moving papers, paragraph 21 of the COA is a "Clause

11  Paramount" incorporating the Hague-Visby rules, which specifically includes a one-year

12  statute of limitation for cargo damage claims. Plaintiff's Opposition doesn't dispute this –

13  indeed, plaintiff admits that the COA "incorporates certain parts of the Hague-Visby Rules,

14  including a time for suit provision with respect to cargo damage. This time is generally one

15  year ...." (Plaintiff's Opposition, p. 6:19-20).

16  Plaintiff's argument, therefore, isn't that this one-year statute of limitations doesn't

17  apply to cargo claims arising out of carriage pursuant to this COA. In fact, its argument

18  isn't even that this time bar doesn't apply to this carriage. Plaintiff's motion *concedes* that

19  the time bar applies to the Marbulk defendants, because they were the owners of the vessels

20  on which this cargo was carried. The sole basis of its opposition is that the COA was not

21  intended to grant the same limitation defense to CSL because, in this case, it chartered, but

22  did not own, the vessels on which the plaintiff's cargo was carried. As we'll see next , this

23  contention simply makes no sense.

24  **C.    THE ONE YEAR STATUTE OF LIMITATIONS APPLIES TO CSL**

25  Plaintiff's Opposition is fundamentally flawed because it analyzes paragraph 21 of

26  the COA without considering the intent of the COA as a whole. In doing so, plaintiff urges

27  this Court to interpret the phrase "Owner of the performing Vessels" to exclude CSL, thus

28  denying it the applicable time bar defense. Plaintiff knows better.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

1    "A basic principle of contract interpretation in admiralty law is to interpret . . . all

2    the terms in a contract without rendering any of them meaningless or superfluous."

3    *Chembulk Trading LLC v. Chemex Ltd.*, 393 F.3d 550, 555 (5th Cir. 2004) (emphasis added)

4    (citing *Foster Wheeler Energy Corp. v. An Ning Jiang MV*, 383 F.3d 349, 2004 WL

5    1905297, at *3 (5th Cir. 2004); *Capozziello v. Brasileiro*, 443 F.2d 1155, 1159 (2d Cir.

6    1971). To understand why it is illogical to exclude CSL from the entities entitled to the

7    Hague-Visby time bar defense, we first must understand the intent of the COA as a whole.

8
9    **1.    The COA Applies to Carriage of Cargo Over a Five Year Time Span by CSL and Other Carriers Arranged by CSL**

10    The COA was not a "one-off" contract for carriage. This contract, "made and

11    entered" between CSL and plaintiff, provided that "HANSON has agreed to ship and CSL

12    "agreed to carry cargoes for the account of Hanson" (COA, page 4) over a five year period.

13    (COA, paragraph 2). Paragraph 5 confirms the minimum and maximum tonnage to be

14    shipped and carried in each contact year. It is also clear that the parties agreed that CSL

15    would carry plaintiff's cargoes both on vessels it owned and on vessels it chartered from

16    other owners. Paragraph 4 confirmed that CSL would notify Hanson thirty days in advance

17    of the vessel to carry any particular cargo, and further provided that the vessels would

18    include "its owned *or chartered* belt conveyor self-unloading bulk carriers." (emphasis

19    added)

20    Given that the COA contemplated multiple shipments over a five year period to be

21    carried on CSL owned and CSL chartered vessels, it strains credulity to believe that the

22    parties only intended the statute of limitations provisions to apply to the owners of vessels

23    chartered to CSL and not to CSL itself. A simple illustration makes this clear.

24    By plaintiff's analysis, if a shipment of cargo was shipped during the contract period

25    on a vessel owned by CSL, the one-year time for suit provision would be applicable to CSL.

26    However, if a second shipment of cargo is shipped the same day on a vessel CSL chartered

27    from another vessel owner, the time bar would apply to the third party vessel owner but not

28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

1    to CSL. That simply makes no sense, and plaintiff has offered no plausible explanation

2    why:

3        (1) CSL intended to protect other parties but not itself;

4        (2) why plaintiff would agree to the time bar in favor of a vessel owner which was

5            not a party to the COA, but not CSL; nor

6        (3) why the contract would set out a time bar for the vessel owner but remain silent

7            as to a time bar relating to CSL.

8    It is obvious that the time for suit provision is meant to apply to both entities [meaning CSL

9    as charterer and a third-party owner]. As we next see, plaintiff's attempt to parse the

10   language of the COA to avoid this conclusion also makes no sense.

11       **2.    The Phrase "Owner of the Performing Vessels" Includes CSL**

12       Plaintiff argues that the time for suit clause doesn't apply to CSL in this case

13   because "CSL was not the owner of the performing vessel." Plaintiff is, at best, mistaken.

14       Paragraph 21, the Clause Paramount, provides that:

15   > It is expressly agreed that the **Owner** [CSL] of the **Vessels** [vessels supplied
16   > by CSL that it either owns or charters] performing hereunder shall have the
     > benefits of the "Rights and Immunities" in favor of the carrier or the Owner of
     > said Vessels and shall assume the "Responsibilities and Liabilities" as defined
17   > in the International Convention for the Unification of Certain Rules Relating
     > to Bills of Lading signed at Brussels on the 25th of August, 1924 (the "Hague
18   > Rules") as amended, if that be the case, by the Protocol signed at Brussels on
     > the 23rd February, 1968 (the "Hague-Visby Rules"). (Emphasis added).

19   As the Court should note, the terms "Owner" and "Vessels" in paragraph 21 are

20   capitalized. That's because they are specifically defined in the agreement. Paragraph 1.1(e)

21   of the COA defines "Owner" as "CSL or the owners of any vessel utilized in the

22   performance of the Contract." Paragraph 1.1(i) provides that "'Vessel' or 'Vessels' has the

23   meaning set forth in Clause 4 hereof." Paragraph 4 provides that "CSL will supply its

24   owned *or chartered*" vessels for use in the carriage of cargo. COA, paragraph 4, emphasis

25   added. **The definition of Vessel therefore includes vessels both owned and/or chartered**

26   **by CSL and used in the delivery of the cargo.** By definition, therefore, CSL is considered

27   an owner of any Vessel used in the carriage of plaintiff's cargoes, regardless whether it

28   owns or charters that vessel. This puts to rest plaintiff's entire argument.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL 415-438-4600
FAX 415-438-4601

CSL.Hanson/2554

### 3. The Clause Paramount Would Apply Even If Plaintiff's Interpretation Was Correct

Even if the Court adopts plaintiff's strained interpretation of the COA, the Clause Paramount still protects CSL because it was a "Carrier" of plaintiff's cargo. That's what plaintiff's complaint specifically alleges (Complaint, pg. 2, lns. 24-26) and what the COA specifically provides (COA, page 4). This entitles CSL to the same protection as the vessel owner.

The Hague-Visby Rules specifically define a "carrier" as "including the owner or charterer who enters into a contract of carriage with a shipper," (Hague-Visby Rules, Article I, subparagraph (a)), and the COA provided that CSL would carry the cargo either on its owned or chartered vessels. The Clause Paramount states that the "Owner of the Vessels performing hereunder shall have the benefits of the "Rights and Immunities" *in favor of the carrier* or the Owner...." (Emphasis added). The only plausible interpretation of that clause is that the purported "Owner of the Vessels performing" *and the carrier* enjoy the same "Rights and Immunities" provided by Hague-Visby. This, of course, includes the one-year time bar provision.

### D. THE PLAINTIFF'S WAIVER ARGUMENT IS IMPROPER AND INCORRECT

#### 1. Plaintiff May Not Properly Raise Facts Not Alleged in Its Complaint

The lion's share of the plaintiff's opposition, that defendants waived the time-bar limitation, is based upon factual allegations not alleged in the complaint. This is contrary to the law.

"New" facts alleged in opposition to a Motion to Dismiss are irrelevant for Rule 12(b)(6) purposes. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 (9th Cir. 1998). "In determining the propriety of a *Rule 12(b)(6)* dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to the defendant's motion to dismiss." *Schneider*, 151 F.3d at 1197 (emphasis in original).

Where, as here, a statute of limitations defense is disclosed on the face of the complaint, the plaintiff may only elude dismissal by *pleading* specific facts avoiding the defense. *Xechem, Inc., v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

1  There is no excuse for the plaintiff's failure to allege facts in the Complaint that would

2  avoid dismissal. Even the facts alleged don't support Plaintiff's improperly raised waiver

3  argument.

### 2.    The Defendants Did Not Waive the One-Year Time Bar

4  We will not fall into the trap set by plaintiff of submitting opposing declarations to

5  those it submitted. We don't need to. Even plaintiff's declarations make it clear that the

6  defendants did not waive the one-year time for suit provision.

7  As Your Honor well knows, a waiver occurs only when one party to a contract

8  manifests an intent not to require the other party to comply with a contractual duty.

9  *Saverslak v. Davis-Cleaver Produce Co.*, 606 F.2d 208 (7th Cir. 1979) cert. denied, 444 U.S.

10 1078 (1980). Waiver of the time bar will be strictly construed, though "U.S. COGSA

11 limitation period may be waived--indeed, such extensions are common in the industry--but

12 the terms of a waiver are strictly construed." *Itel Container Corp. v. M/V Titian Scan, et. al.*

13 1997 AMC 1568 (D. GA 1998) (citing *Bunge Edible Oil Corp. v. M/V Torm Rask*, 1991

14 AMC 1102, 756 F.Supp. 261 (E.D.La. 1991), *aff'd*, 1992 AMC 2227, 949 F.2d 786 (5 Cir.),

15 *cert. denied*, 505 U.S. 1207 (1992); *United Fruit Co. v. J.A. Folger & Co.*, 270 F.2d 666,

16 668-669 (5 Cir. 1959), *cert. denied*, 362 U.S. 911, 1992 AMC 2701 (1960)). That didn't

17 happen here.

18 The declaration of Bill Butler in opposition to defendants' motion is noticeably

19 silent as to any purported agreement by CSL to waive the time for suit clause. Mr. Butler's

20 declaration is also completely silent on the issue of whether plaintiff even *believed* that the

21 time for suit clause had been waived. The reasons for the omissions are simple — *there*

22 *was no waiver.*

23 Besides there being no agreement to extend the time for suit provision, plaintiff's

24 improper evidence doesn't even support its contention that CSL "lulled" the plaintiff into

25 believing that its claim had been settled or that CSL would not assert its legal defenses,

26 including the time bar. All Mr. Butler's declaration shows is that it made a claim against

27 the defendants and provided some documentation in support of it. CSL never made any

28 settlement offer. It never even admitted liability. Plaintiff is essentially asking the Court to

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX. 415-438-4601

CSL.Hanson/2554

-7-
DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS        Case No. C-07-3849-JL

1    rule that a time for suit provision should be tolled every time an injured plaintiff makes a

2    demand to a purported wrong-doer.  That is not the law.

3         *Linmark Indus. Inc., v. M/V Ruhr Express*, 1990 WL 102234 (SD NY 1990), cited

4    by plaintiff, does not support its position. First, as the plaintiff's brief concedes, the *Linmark*

5    court was "taking all of the allegations in the complaint as true for the purposes of a motion

6    to dismiss, as the present court must do on this motion . . . ."  Plaintiff's Opposition, pg. 9,

7    lns. 15-17.  Here, Hanson's complaint completely fails to allege any facts which would give

8    rise to the purported waiver.  More significantly, the defendant in *Linmark* made a

9    settlement offer to the plaintiff that caused the court to conclude that its action may have

10   lulled the "plaintiff into a false sense of security about a time bar."  That didn't happen here.

11        As late as July 22, 2005, almost one-year after the loss, plaintiff's **corporate**

12   **counsel** wrote to the defendants with a settlement demand.  The fact that the demand was

13   neither accepted, nor countered by CSL, puts to rest the contention that plaintiff and its

14   counsel believed that the matter had been "essentially settled."  All plaintiff had to do to

15   protect its rights was to either request an extension of the applicable time bar or file suit

16   within the requisite contractual or statutory time period.  The plaintiff's lack of diligence is

17   not the defendants' responsibility.  There is simply no legal or factual basis for finding

18   waiver.

19   **III.    CONCLUSION**

20        Given the above, the defendants' motion to dismiss based upon the applicable one

21   year time for suit provision, should be granted.

22

23   Dated:  October 3, 2007                      COX, WOOTTON, GRIFFIN,
                                                   HANSEN & POULOS, LLP
24                                                 Attorneys for Defendants
                                                   MARBULK CANADA, INC.; MARBULK
25                                                 SHIPPING, INC.; and CSL
                                                   INTERNATIONAL, INC.
26

27                                                 By: _____
                                                        Richard C. Wootton
28

DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

Case No. C-07-3849-JL

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL 415-438-4600
FAX 415-438-4601

CSL.Hanson/2554