1 | **COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP**
2 | Richard C. Wootton (SBN 88390)
  | Marc T. Cefalu (SBN 203324)
3 | 190 The Embarcadero
  | San Francisco, CA  94105
4 | Telephone No.: 415-438-4600
  | Facsimile No.: 415-438-4601
5 |
6 | Attorneys for Defendant
  | MARBULK CANADA, INC.; MARBULK
7 | SHIPPING, INC.; and CSL INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| HANSON AGGREGATES MID-PACIFIC, INC., | ) Case No.: C-07-3849-JL |
|---|---|
| Plaintiff, | ) **DEFENDANTS MARBULK CANADA INC., MARBULK SHIPPING, INC., AND CSL INTERNATIONAL INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT** |
| v. | |
| PIONEER, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC. | |
| Defendants. | |

Defendants Marbulk Canada Inc. ["MCI"], Marbulk Shipping Inc., ["MSI"] and CSL International Inc., ["CSL"] [all defendants will be referred to as "Defendants"], by and through their attorneys, hereby answers Plaintiff Hanson Aggregates Mid-Pacific, Inc.'s First Amended Complaint ["Complaint"] as follows:

1. Answering paragraph 1 of the Complaint, paragraph 1 of the Complaint is jurisdictional in nature and therefore requires no response from these answering Defendants. However, to the extent that paragraph 1 of the Complaint can be read to include charging allegations against these Defendants, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

2. Answering paragraph 2 of the Complaint, these answering Defendants lack

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-1-    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT

sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

3. Answering paragraph 3 of the Complaint, these answering Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

4. Answering paragraph 4 of the Complaint, MCI and MSI admit that they are corporations with principal places of business in Canada and Beverly, Massachusetts, respectively. MCI and MSI admit that at the time of the alleged incident they controlled, owned and/or managed the vessel *M/V Pioneer*. Except as so admitted these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 4 of the Complaint and on that basis deny the same.

5. Answer paragraph 5 of the Complaint, these Defendants admit the *M/V Pioneer* is a cargo vessel. These Defendants further admit that MCI and MSI controlled, owned and/or managed the vessel at the time of the incident. Except as so admitted, these answering Defendants lack sufficient information and belief to the remaining allegations in paragraph 5 of the Complaint and on that basis deny the same.

6. Answering paragraph 6 of the Complaint, CSL admits that at the relevant times it was a corporation organized under the laws of Barbados, with its registered office at Clarke & Co., Parker House, Wildey Road, St. Michaels, Barbados. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 6 of the Complaint and on that basis deny the same.

7. Answering paragraph 7 of the Complaint, these Defendants admit the allegations contained in that paragraph.

8. Answering paragraph 8 of the Complaint, these Defendants admit that Clause 1.1(e) of the COA provides that "Owner" means "CSL or the owners of any vessel utilized in the performance of the Contract." Except as so admitted these defendants lack sufficient information and belief to respond to the remaining allegations contained in that paragraph and on that basis deny the same.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

9. Answering paragraph 9 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

10. Answering paragraph 10 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations in that paragraph and on that basis deny the same.

11. Answering paragraph 11 of the Complaint, these Defendants admit that on or about July 23, 2004, the Vessel arrived in Sechelt, British Columbia, Canada to be loaded with sand. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 11 of the Complaint and on that basis deny the same.

12. Answering paragraph 12 of the Complaint, these Defendants admit that on or about July 28, 2004, the vessel arrived at Anchorage 9 San Francisco Bay to discharge a portion of the cargo to a lightering barge. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 12 of the Complaint and on that basis deny the same.

13. Answering paragraph 13 of the Complaint, these Defendants lack sufficient information and belief to the allegations contained in that paragraph and on that basis deny the same.

14. Answering paragraph 14 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

15 Answering paragraph 15 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

16. Answering paragraph 16 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

17. Answering paragraph 17 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

18. Answering paragraph 18 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

19. Answering paragraph 19 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

20. Answering paragraph 20 of the Complaint, these Defendants admit that plaintiff has produced an email purportedly from David King in which it states that "we are taking the vessel out of service for approximately two days in order to fix the gates that required the foam packing" and that "we are confident that we will not have similar issues in the future." Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 20 of the Complaint and on that basis deny the same.

21. Answering paragraph 21 of the Complaint, these Defendants admit that plaintiff has produced an email from which it excerpted, out of context, the phrase "CSL/Insurers would be responsible for costs associated with the screening plus they would provide an indemnity for the remainder of the cargo landed value up to the extent of a total loss." Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 21 of the Complaint and on that basis deny the same.

22. Answering paragraph 22 of the Complaint, these Defendants admit that plaintiff has produced an email from Bill Butler dated August 24, 2004 purporting to respond to an email from David King. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 22 of the Complaint and on that basis deny the same.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

23. Answering paragraph 23 of the Complaint, these Defendants admit that plaintiff has produced an email from David King to Bill Butler dated September 24, 2004. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 23 of the Complaint and on that basis deny the same.

24. Answering paragraph 24 of the Complaint, these Defendants admit that the plaintiff has produced an email form Bill butler to David King dated September 24, 2004. Except as so admitted these Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 24 of the Complaint and on that basis deny the same.

25. Answering paragraph 25 of the Complaint, these Defendants deny the allegations contained in that paragraph.

26. Answering paragraph 26 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

27. Answering paragraph 27 of the Complaint, these Defendants admit that James Wallmann sent a letter to David King and Mike Bedford dated July 22, 2005. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 27 of the Complaint and on that basis deny the same.

28. Answering paragraph 28 of the Complaint, these Defendants admit the allegations contained in that paragraph.

29. Answering paragraph 29 of the Complaint, these Defendants admit that Mike Bedford wrote a letter to James Wallman dated August 1, 2005. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations contained in paragraph 29 of the Complaint and on that basis deny the same.

30. Answering paragraph 30 of the Complaint, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

31. Answering paragraph 31 of the Complaint, these Defendants admit that the plaintiff has produced an email purportedly drafted by Mike Bedford dated November 20, 2006. Except as so admitted, these Defendants lack sufficient information and belief to respond to the remaining allegations in paragraph 31 of the Complaint and on that basis deny the same.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

32. Answering paragraph 32 of the Complaint, paragraph 32 is a paragraph of incorporation and therefore requires no response from these Defendants. To the extent that paragraph 32 of the Complaint can be read to contain charging allegations against these Defendants, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

33. Answering paragraph 33 of the Complaint, these Defendants deny the allegations contained in that paragraph.

34. Answering paragraph 34 of the Complaint, these Defendants deny the allegations contained in that paragraph.

35. Answering paragraph 35 of the Complaint, these Defendants deny the allegations contained in that paragraph.

36. Answering paragraph 36 of the Complaint, these Defendants deny the allegations contained in that paragraph.

## SECOND CLAIM FOR RELIEF

### (Negligence)

37. Answering paragraph 37 of the Complaint, paragraph 37 is a paragraph of incorporation and therefore requires no response from these Defendants. To the extent that paragraph 37 of the Complaint can be read to contain charging allegations against these Defendants, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

38. Answering paragraph 38 of the Complaint, these Defendants deny the

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

1 | allegations contained in that paragraph.

2 |     39.    Answering paragraph 39 of the Complaint, these Defendants deny the
3 | allegations contained in that paragraph.

4 |     40.    Answering paragraph 40 of the Complaint, these Defendants deny the
5 | allegations contained in that paragraph.

## THIRD CLAIM FOR RELIEF

41. Answering paragraph 41 of the Complaint, paragraph 41 is a paragraph of incorporation and therefore requires no response from these Defendants. To the extent that paragraph 41 of the Complaint can be read to contain charging allegations against these Defendants, these Defendants lack sufficient information and belief to respond to the allegations contained in that paragraph and on that basis deny the same.

42. Answering paragraph 42 of the Complaint, these Defendants deny the allegations contained in that paragraph.

43. Answering paragraph 43 of the Complaint, these Defendants deny the allegations contained in that paragraph.

44. Answering paragraph 44 of the Complaint, these Defendants deny the allegations contained in that paragraph.

## AFFIRMATIVE DEFENSES

### Failure to State a Cause of Action

1. As a first affirmative defense, these Defendants allege that neither the Complaint nor any of the claims therein state facts sufficient to constitute a cause of action against these Defendants.

### Comparative Negligence

2. As a second affirmative defense, these Defendants allege that the injuries and damages complained of by Plaintiff, if there were any, were directly and proximately caused, either wholly or in part, by the negligence of persons or entities other than Defendants, and that that negligence is either imputed to Plaintiff by reason of the relationship between Plaintiff and/or other parties, and those other persons or entities, or

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

comparatively reduces the proportion of negligence and corresponding liability of these Defendants.

### Contributory Negligence

3.   As a third affirmative defense, these Defendants allege that Plaintiff was negligent in and about the matters alleged in the Complaint, and each cause of action therein, and that such negligence contributed directly and proximately to the alleged incident giving rise to the Complaint and the damages alleged therein.

### Failure to Mitigate

4.   As a fourth affirmative defense, these Defendants allege that Plaintiff has unreasonably failed to act in such a manner as to mitigate the damages of which he complains, if any there were.

### Assumption of Risk

5.   As a fifth affirmative defense, these Defendants allege that Plaintiff assumed the risk that its actions would result in the injuries and damages of which it claims.

### Statute of Limitations

6.   As a sixth affirmative defense, these Defendants allege that the Complaint, and the claims and causes of action contained therein, are barred by the applicable statute of limitations, including but not limited to the one-year time for suit provision contained with the International Convention for the Unification of Certain Rules Relating to Bills of Lading signed at Brussels on the 25th of August, 1924 (the "Hague Rules") as amended, the Protocol signed at Brussels on the 23rd February, 1968 (the "Hague-Visby Rules"), 46 U.S.C. section 1303(6) and the time-for-suit provision stated in the applicable Contract of Affreightment.

### Laches

7.   As a seventh affirmative defense, these Defendants allege that Plaintiff has unreasonably delayed notifying Defendants of its claim alleged in the Complaint and has unreasonably delayed in prosecuting the claim after the alleged cause of action arose; that by reason of such delay, recollections of witnesses have become unclear, witnesses have

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-8-    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT

1  become unavailable; that such delay has prejudiced Defendants in preparing and presenting
2  their defenses herein; and that by reason of the premises, Plaintiff's claims and actions
3  thereon are barred by laches.

### Unclean Hands

5  8.  As an eighth affirmative defense, these Defendants allege that Plaintiff is
6  precluded from recovery against these Defendants pursuant to the doctrine of unclean hands.

### Waiver

8  9.  As a ninth affirmative defense, these Defendants allege that the acts or
9  omissions of Plaintiff with regard to the matters and things of which the Complaint is made
10 so contributed to the damages, if any, suffered by Plaintiff, that Plaintiff has waived any
11 rights, claims or causes of action it may have against these Defendants.

### Indemnity

13 10.  As a tenth affirmative defense, these Defendants allege that they are not
14 liable for the events and occurrences described in the Complaint and if these Defendants are
15 found liable or in any manner responsible to Plaintiff, or anyone else as a result of the
16 incidents described in said Complaint, these Defendants are entitled to complete, partial
17 and/or comparative indemnity from the Plaintiff, its agents, or assigns or from parties not
18 currently known or present in this action.

### Applicable Statutes, Conventions, Tariffs, or Contracts

20 11.  As an eleventh affirmative defense, these Defendants assert, rely upon and
21 incorporate by references as though fully set forth herein, each and every defense and
22 limitation contained in or made available to these Defendants the terms of any applicable
23 statutes, conventions, tariffs, contracts and/or other agreements otherwise pertaining to the
24 sale or movement of this cargo, including but not limited to the Hague Rules, the Hague-
25 Visby Rules, the United States Carriage of Goods by Sea Act, 46 U.S.C. §§ 1300 *et seq.*, the
26 Harter Act, 46 U.S.C. § 190 *et seq.*, and the applicable Contract of Affreightment. If, in
27 fact, Plaintiff sustained any damage as alleged or otherwise, said damage resulted from one
28 or more of the causes as to which these Defendants are exempt from liability or entitled to a

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

limitation of liability under the terms of said statutes, conventions, tariffs, contracts and/or other agreements. Therefore these Defendants' liability, if any, to Plaintiff should be eliminated or diminished accordingly.

### Acts or Omissions of the Shipper

12. As a twelfth affirmative defense, these Defendants allege that if there was any loss or damage to the subject cargo, that said loss or damage was due in whole or in part to acts or omissions of the shipper or its agents.

### Inherent Vice

13. As a thirteenth affirmative defense, these Defendants allege that if there was any loss or damage to the subject cargo, that said loss or damage was due in whole or in part to the inherent defect, quality, or vice of the goods to which damage is claimed.

### Peril of the Sea

14. As a fourteenth affirmative defense, these Defendants allege that if there were any loss or damage to the subject cargo, that said loss or damage was due in whole or in part to a peril of the sea for which the vessel, her owners and operators are not liable.
.

### Damage Occurred Without the Actual Fault and Privity of the Carrier

15. As a fifteenth affirmative defense, these Defendants allege that if there was any loss or damage to the subject cargo, that said loss or damage occurred without the actual fault and privity of the carrier and without the fault or neglect of the agents or servants of the carrier.

### Limitation of Liability

16. As a sixteenth affirmative defense, these Defendants allege that if there was any loss or damage to the subject cargo, that the Defendants' liability for said loss or damage is limited pursuant to the terms of the Contract of Affreightment, the Hague Rules, the Hague Visby Rules, and the Carriage of Goods By Sea Act.

### Forum Selection Clause

17. As a seventeenth affirmative defense, these Defendants allege that the

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

contract of carriage pursuant to which the subject cargo was shipped provides that any suit arising under the contract of carriage is to be brought in another forum. Accordingly, this action should be dismissed pursuant to the contractual forum selection clause.

### Latent Defect

18. As an eighteenth affirmative defense, these Defendants allege that if there was any loss or damage to the subject cargo, that said loss or damage was due to a latent defect of the cargo.

### REQUESTED RELIEF

WHEREFORE, Defendants hereby requests that: (1) Plaintiff take nothing by reason of the Complaint, (2) the Complaint and each cause of action alleged therein be dismissed with prejudice and at Plaintiff's cost, (3) judgment enter in favor of Defendants, including costs of suit, and (4) such other and further relief as the Court deems just and proper.

Dated: December 10, 2007

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
Attorneys for Defendant
MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC.

By: ___/S/_____
       Marc T. Cefalu

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-11-    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT