Ernest N. Reddick (State Bar No. 048522)
ereddick@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone:   (415) 984-8200
Facsimile:   (415) 984-8300

Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES MID-PACIFIC, INC.,<br><br>                    Plaintiff,<br><br>   vs.<br><br>PIONEER vessel, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA INC., MARBULK SHIPPING, INC., CSL INTERNATIONAL INC.,<br><br>                    Defendants. | Case No. C-07-3849-JL<br><br>**PLAINTIFF HANSON AGGREGATES MID-PACIFIC, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH, AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**<br><br>[FRCP Rule 12(f)]<br><br>Date:      February 13, 2008<br>Time:     9:30 a.m.<br>Location: 450 Golden Gate Avenue<br>              Courtroom F, 15th Floor<br>              San Francisco, CA  94102<br>Judge:    Honorable James Larson<br><br>Complaint Filed:    July 26, 2007 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on February 13, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable James Larson at the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA  94111.

Plaintiff HANSON AGGREGATES MID-PACIFIC, INC. ("Hanson")will and hereby does

1  move, pursuant to FRCP 12(f) to strike Defendants MARBULK CANADA INC., MARBULK
2  SHIPPING, INC., ("Marbulk") and CSL INTERNATIONAL INC.'s ("CSL")Sixth, Eleventh and
3  Sixteenth Affirmative Defenses in Defendants' Answer to Plaintiff's First Amended Verified
4  Complaint (FAC") as to CSL.
5      This motion is made on the grounds that Defendants' Sixth, Eleventh, and Sixteenth
6  affirmative defenses which relate to an alleged one year contractual limitation of liability are contrary
7  to law and are belied by the facts.  If such defenses apply at all, which Hanson disputes, the plain
8  language of the Contract of Affreightment dated August 3, 2001 between Hanson and CSL limits the
9  application of such defenses to the owner of the performing vessel, to wit, Marbulk.  As a matter of
10 law, CSL may not avail itself of any limitation of liability defense.  The Sixth, Eleventh and
11 Sixteenth affirmative defenses should be stricken from Defendants' Answer as to CSL.
12     This motion is based on this Notice of Motion and Motion; the Supporting Memorandum of
13 Points and Authorities, and such other evidence and argument as may be presented before the Court
14 takes this motion under submission.

16 Dated: January 3, 2008                    NIXON PEABODY LLP

18                              By:    /s/ Rosalyn P. Mitchell
19                                     ROSALYN P. MITCHELL
                                       Attorneys for Plaintiff
20                                     HANSON AGGREGATES MID-PACIFIC,
                                       INC.

# PROOF OF SERVICE

*Hanson Aggregates Mid-Pacific, Inc. v. Pioneer, et al.*
**United States District Court, Northern District**
**Case No.   C 07 3849 JL**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600.

On **January 3, 2008**, I served the following document(s):

**PLAINTIFF HANSON AGGREGATES MID-PACIFIC, INC.'S NOTICE OF MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH, AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

X:   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

___:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

___:   By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

**Addressee(s)**

| | |
|---|---|
| Richard C. Wootton, Esq.<br>Marc T. Cefalu, Esq.<br>Cox Wootton Griffin Hansen & Poulos LLP<br>190 The Embarcadero<br>San Francisco, CA  94105 | Attorneys for Defendants Marbulk Canada, Inc., Marbulk Shipping, Inc. and CSL International, Inc.<br><br>Telephone:   (415) 438-4600<br>Facsimile:     (415) 438-4601 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2008, at San Francisco, California.

/s/ Kim Love
_____
Kim Love