1  Ernest N. Reddick (State Bar No. 048522)
   ereddick@nixonpeabody.com
2  Rosalyn P. Mitchell (State Bar No. 173829)
   rmitchell@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, CA 94111-3600
   Telephone:  (415) 984-8200
5  Facsimile:  (415) 984-8300

6  Attorneys for Plaintiff
   HANSON AGGREGATES MID-PACIFIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES<br>MID-PACIFIC, INC.,<br><br>                              Plaintiff,<br><br>    vs.<br><br>PIONEER vessel, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA INC., MARBULK SHIPPING, INC., CSL INTERNATIONAL INC.,<br><br>                              Defendants. | Case No. C-07-3849-JL<br><br>**PLAINTIFF HANSON AGGREGATES MID-PACIFIC, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH, AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**<br><br>**[FRCP Rule 12(f)]**<br><br>Date:       February 13, 2008<br>Time:       9:30 a.m.<br>Location:   450 Golden Gate Avenue<br>            Courtroom F, 15th Floor<br>            San Francisco, CA  94102<br>Judge:      Honorable James Larson<br><br>Complaint Filed:   July 26, 2007 |

Plaintiff HANSON AGGREGATES MID-PACIFIC, INC. ("Plaintiff" or "Hanson") hereby submits its memorandum of points and authorities in support of its Motion To Strike Defendants' MARBULK CANADA INC., MARBULK SHIPPING, INC., and CSL INTERNATIONAL INC.'s ("CSL"), Sixth, Eleventh and Sixteenth Affirmative Defenses as to CSL.

**I.    INTRODUCTION**

This is an action for money damages to compensate Plaintiff for Defendants' negligence in

**PLAINTIFF'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO STRIKE
CASE NO. C 07 3849 JL**

10858690.2

contaminating a maritime shipment of cargo.  There are four defendants.  The first, CSL, is the entity with whom Plaintiff contracted to carry its cargo.  The second is the performing vessel itself, the PIONEER (the "Vessel").  The third and fourth are Marbulk Canada Inc. and Marbulk Shipping Inc., the owners of the Vessel ("Marbulk").

By this motion, Plaintiff seeks to strike three of CSL's affirmative defenses relating to an alleged one year time for suit provision contained in the Hague-Visby Rules which are referenced in the relevant contract.  The Contract of Affreightment ("COA") dated August 3, 2001 between CSL and Plaintiff expressly limits the application of the Hague-Visby Rules (including the one year time for suit provision) to the owner of the performing vessel.  CSL was not the owner of the performing vessel; rather, Marbulk was.  Therefore, Plaintiff's motion to strike Defendants' Sixth, Eleventh, and Sixteenth Affirmative Defenses as to CSL must be granted.

## II. FACTS

### The Parties and Background.

Plaintiff is one of the world's largest suppliers of heavy building materials to the construction industry.  Defendant CSL transports and handles dry-bulk cargo.  Defendant Marbulk is a carrier of merchandise by water for hire.  The Vessel is a cargo vessel which is, and at all relevant times was, owned by Marbulk.  In their Answer, Defendants admit that at the time of the incident, Marbulk "controlled, owned and/or managed the vessel *M/V Pioneer*."  (Defendants' Answer to FAC 2:8-9 and 2:12-14).

A true and correct copy of the COA is attached to Plaintiff's First Amended Complaint as Exhibit A.  Defendant CSL agreed to carry various cargoes for Plaintiff.  CSL engaged Marbulk to provide the Vessel which was the performing vessel that transported Hanson's cargo with respect to the voyage in question.  Plaintiff alleges that its cargo of sand was damaged during a voyage to the San Francisco Bay.  The damage was noted on or about July 30, 2004, and various discussions between Plaintiff and CSL with respect to resolving the claim continued over the next several years.  Ultimately, negotiations did not resolve the matter.  Then CSL took the position that the claim had become time barred because, under the Hague-Visby Rules (which CSL said had been extended to it by the language of the COA), suit had to have been brought within one year from the date of loss.

Plaintiff filed suit herein on July 26, 2007.

**III.   LEGAL ARGUMENT**

    **A.   A Motion to Strike is the Proper Procedure to Challenge Insufficient Affirmative Defenses**

F.R.C.P. 12(f) states:

> Upon a motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense...

Rule 12(f) motions are proper when a defense is insufficient as a matter of law. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982); *California v. United States*, 512 F.Supp.36, 38 (ND CA 1981); *Lafayette Corp. v. Bank of Boston Int'l. South*, 723 F.Supp.1461, 1466 (SD FL 1989).

    **B.   CSL is Not Protected by the One Year Time for Suit Provision of the Hague-Visby Rules**

In order for the Hague Visby Rules (and their U.S. maritime counterparts such as the US Carriage of Goods by Sea Act) to apply to contracts of private carriage (as in the present case), their provisions must be expressly incorporated by reference into the contract between the parties. *Associated Metals & Minerals Corp. v. S/S Jasmine*, 983 F.2d 410 (2nd Cir. 1993). Clause 21 of the COA incorporates certain parts of the Hague Visby Rules, including a time for suit provision with respect to cargo damage. This time is generally one year.

This issue presents this Court with a straightforward matter of contract interpretation. It is axiomatic that the mutual intent of the parties is to be "inferred solely from the written provisions of the contract." *MacKinnon v. Truck Ins. Exchange*, 31 Cal. 4th 635, 647 (2003)(*citing Cal. Civ. Code.* § 1638). A court must interpret contractual language in its "ordinary and popular sense." *Id.* (*citing Cal. Civ. Code.* § 1644). "Language in a contract must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract." *MacKinnon* 31 Cal. 4th at 647; *Waller v. Truck Ins. Exch. Inc*. 11 Cal.4th 118 (1995).

Clause 21 of the COA invokes the one-year time for suit of the Hague Visby Rules only in favor of **the Owner of the performing Vessels**. It is undisputed that CSL was not the owner of the performing vessel. Marbulk was the owner. Simply stated, under no set of circumstances can CSL successfully argue that is was the owner of the performing vessel when it was **not** the owner of the performing vessel.

Clause 21 of the COA provides, in pertinent part, as follows:

> …. it is expressly agreed that the **Owner of the Vessels performing hereunder** shall have the benefits of the "Rights and Immunities" in favor of the carrier or the Owner of said Vessels and shall assume the "Responsibilities and Liabilities" as defined in the International Convention for the Unification of Certain Rules Relating to Bills of Lading signed at Brussels on the 25th August, 1924 (the "Hague Rules") as amended, if that be the case, by the Protocol signed at Brussels on the 23rd February, 1968 (the "Hague-Visby Rules"). (Emphasis added.)

The definition of "Owner" set forth in Clause 1.1 of the COA draws a clear distinction between CSL and the owners of the vessel:

> "Owner" means "CSL **or** the owners of any vessel utilized in the performance of the Contract." [Emphasis added].

In Clause 21, the word "Owner" does not appear alone. It is immediately followed by the qualifying words "of the Vessels performing hereunder." Those words must be given meaning, and they point directly away from CSL. CSL concedes the voyage was performed by a **Marbulk-owned** vessel. Therefore, in this case, the one-year limitations period contained in Hague-Visby applies, if at all, only to Marbulk, not CSL.

### C.  Judicial Economy And Efficiency Are Best Served By An Early Resolution Of This Issue

An answer from the court on this straightforward contract interpretation question at this stage in the litigation will work a great cost savings to the parties, conserve judicial resources and promote judicial economy. It is not unreasonable to anticipate fairly extensive (and expensive) discovery into the particulars of this voyage, the cargo damage, mitigation efforts, sand screening and cleaning methods, waiver, estoppel, laches, intent of the parties and more. Based on the recently filed joint status conference statement, it appears that relevant witnesses on these issues are located in

1  California, Texas and Massachusetts and perhaps Canada. All parties will be greatly prejudiced if
2  forced to engage in discovery which can be largely, if not completely, avoided by an early resolution
3  of what is potentially a case-determinative motion.

4       CSL is the principal defendant in this case. Hanson and CSL had been working toward a
5  resolution to Hanson's claim until CSL raised its spurious one year time bar claim. Plaintiff's claim
6  against CSL will largely (if not totally) turn on whether the time for suit against CSL has passed.
7  Under New York law, California law, general maritime law and common law, Plaintiff's complaint is
8  quite timely. However, Plaintiff's claims will be time barred if it should have sued CSL within a
9  mere one year. Hanson will be greatly prejudiced if its complaint filed herein is found to be time
10 barred.

11      A decision on this issue is in the best interest of all parties and will likely lead to an early
12 resolution between these commercial actors who each have a stake in the continued performance of
13 the COA.

## IV. CONCLUSION

Hanson respectfully requests that this Court grant its motion to strike the Sixth. Eleventh, and Sixteenth Affirmative Defense in Defendants' Answer to Hanson's First Amended Complaint.

Dated: January 3, 2008    NIXON PEABODY LLP

By: /s/ Rosalyn P. Mitchell
ROSALYN P. MITCHELL
Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

## PROOF OF SERVICE

*Hanson Aggregates Mid-Pacific, Inc. v. Pioneer, et al.*
**United States District Court, Northern District**
**Case No.   C 07 3849 JL**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600.

On **January 3, 2008**, I served the following document(s):

**PLAINTIFF HANSON AGGREGATES MID-PACIFIC, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH, AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

X:   By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

___:   By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___:   By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

___:   By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

**Addressee(s)**

| | |
|---|---|
| Richard C. Wootton, Esq.<br>Marc T. Cefalu, Esq.<br>Cox Wootton Griffin Hansen & Poulos LLP<br>190 The Embarcadero<br>San Francisco, CA  94105 | Attorneys for Defendants Marbulk Canada, Inc., Marbulk Shipping, Inc. and CSL International, Inc.<br><br>Telephone:   (415) 438-4600<br>Facsimile:    (415) 438-4601 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2008, at San Francisco, California.

/s/ Kim Love
_____
Kim Love

PROOF OF SERVICE

10858690.2