**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Richard C. Wootton (SBN 88390)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendant
MARBULK CANADA, INC.; MARBULK
SHIPPING, INC.; and CSL INTERNATIONAL,
INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES MID-PACIFIC, INC., <br><br> Plaintiff, <br><br> v. <br><br> PIONEER, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC. <br><br> Defendants. | Case No.: C-07-3849-JL <br><br> **DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH AND SIXTEENTH AFFIRMATIVE DEFENSES** <br><br> **Date: February 13, 2008** <br> **Time: 9:30 a.m.** <br> **Place: Courtroom F** |

Defendants Marbulk Canada Inc. ("MCI"), Marbulk Shipping Inc., ("MSI") and CSL International Inc., ("CSL") (all defendants will be referred to as "Defendants"), submit this opposition to Plaintiff Hanson Aggregates motion to strike.

**I.    INTRODUCTION AND SUMMARY OF THIS OPPOSITION**

The plaintiff has brought its motion to strike CSL's sixth, eleventh and sixteenth affirmative defenses in the Defendants' Answer to Plaintiff's First Amended Complaint. The motion is directed only to CSL which therefore means, even if it were granted, these defenses will still be at issue in the case and may be raised by MCI and MSI. The affirmative defenses in question relate to the Defendants' ability to assert a complete defense to this action based upon the applicable statutory or contractual limitations period.

1  The plaintiff has offered no evidence in support of its claim that CSL is unable to assert the subject affirmative defenses in this action. Instead, the plaintiff quotes, *out of context,* a single phrase in the Defendants' joint answer and bases its entire argument on that phrase. The plaintiff fails to direct the Court to other areas of the Defendants' answer which completely contradict the plaintiff's arguments. The plaintiff's omission should not go unnoticed by this Court.

The Defendants contend that the plaintiff's motion should be denied based upon the following:

(1)  Motions to strike are disfavored and the pleadings should be viewed in the light most favorable to the pleader;

(2)  The plaintiff's arguments are belied by Defendants' statements in their Answer to Plaintiff's First Amended Complaint ("Answer");

(3)  CSL is entitled to assert the time-bar defense whether or not it is considered the owner of the vessel based upon contractual interpretation principles; and,

(4)  There is no prejudice to the plaintiff in denying the motion nor will there be any resulting judicial economy if the motion were granted because two of the defendants will still be entitled to assert, obtain discovery, and litigate the applicability of the subject defenses.

The Defendants therefore request that the plaintiff's motion to strike be denied.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This claim arises out of the shipment of a single grade of sand from Sechelt, British Columbia to Redwood City, California in July, 2004 pursuant to a Contract of Affreightment ("COA") between CSL International, Inc. and Hanson Aggregates. Plaintiff filed its original complaint on July 26, 2007, nearly three years after the alleged incident. The Defendants timely filed a Rule 12(b)(6) motion to dismiss based upon a time bar provision in the COA. That motion was denied based upon *factual* "tolling" issues raised by plaintiff in its opposition. The Court ordered plaintiff to file an Amended Complaint to allege facts regarding the alleged tolling while also inviting Defendants to file a motion for

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

summary judgment on the time-bar issues after certain discovery had been completed. Hanson Aggregates filed a First Amended Complaint for Damages on November 16, 2007. The Defendants filed their Answer on December 10, 2007 and the plaintiff's motion to strike was filed on January 3, 2008.[1]

**A.   The Contract of Affreightment**

As the plaintiff points out in the Complaint, CSL and the Plaintiff entered into a written COA dated August 3, 2001 in which it was agreed that CSL would make arrangements to transport and carry cargo for the Plaintiff. Paragraph 21 of the COA is entitled "Clause Paramount and Limitation of Liability." A "Clause Paramount" is a provision in private contracts whereby parties elect their own cargo liability rules. Generally, parties will incorporate U.S. COGSA [the Carriage of Goods By Sea Act] or the Hague or Hague-Visby Rules. The effect of the election to incorporate the rules into the agreement is to make them *applicable* to the agreement as a whole. *See e.g., Admiralty and Maritime Law, Practitioner Treatise Series*, 2nd Edition, Volume 2, Thomas J. Schoenbaum, § 11-13 (citing *United States v. M/V Marilena P*, 433 F.2d 164 (4th Cir. 1969)).

The COA here provides in relevant part that:

> It is expressly agreed that the Owner of the Vessels performing hereunder shall have the benefits of the "Rights and Immunities" **in favor of the carrier or the Owner of said Vessels** and shall assume the "Responsibilities and Liabilities" as defined in the International Convention for the Unification of Certain Rules Relating to Bills of Lading signed at Brussels on the 25th of August, 1924 (the "Hague Rules") as amended, if that be the case, by the Protocol signed at Brussels on the 23rd February, 1968 (the "Hague-Visby Rules"). Nothing contained herein shall be deemed to be a surrender by the Owner of any Vessel performing hereunder of any of their rights or immunities or an increase of their responsibilities or liabilities under the Hague Rules or the Hague-Visby Rules. If any provision of this Contract or of any Charter Party be repugnant to the Hague Rules (or the Hague-Visby rules, if applicable) such term, condition or exception shall be void to that extent but no further. . . .

COA, paragraph 21 (emphasis added).

Here, the Hague and Hague-Visby Rules have been specifically incorporated into the

---

[1] Ordinarily a motion to strike must be filed within twenty (20) days of the pleading which it attacks. Rule 12(f)(2). The plaintiff's motion was filed outside of that time frame and therefore was untimely. The Defendants therefore request that the motion be denied as untimely but will also address, out of an abundance of caution, the plaintiff's substantive arguments in the remainder of this opposition.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601
CSL.Hanson/2554

COA and therefore provide the statutory framework for determining the applicable statute of limitations in this action. The plaintiff has admitted that the COA incorporates the Hague Visby Rules, including the one-year time for suit provision. (See Plaintiff's Memorandum of Points and Authorities in Support of Motion to Strike, page 3, lns. 18-20).

### III. LAW AND ARGUMENT

#### A. Rule 12(f) Motions to Strike Are Disfavored

Although Rule 12(f) provides a procedure for striking pleadings or portions of pleadings, motions to strike are *disfavored* because they are often used to delay and because public policy favors a resolution on the merits. *Stanbury Law Firm v. IRS*, 221 F3d 1059, 1063 (8th Cir. 2000); *RDF Media Ltd. v. Fox Broadcasting Co.* 372 F. Supp. 2d 556, 566 (CD CA 2005); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (CD CA 1996).

> Reflecting this "disfavor," most motions to strike are denied. Even motions that are technically correct (e.g., challenging an "insufficient" defense or "redundant" allegations) may be denied unless you can show the pleadings under attack are somehow *prejudicial* to your client. While courts differ on whether prejudice is a required element of the motion [citation] a motion to strike is usually a waste of time and money without such showing!
>
> Judge William W. Schwarzer, et. al., *California Practice Guide: Civil Procedure Before Trial,* Paragraph 9:376 (Rev #1 2006).

In order to prevail on a motion to strike an alleged insufficient defense the plaintiff must show that there is *no* factual issue which might allow the defense to succeed, no substantial question of law and that plaintiff would be prejudiced. *E.E.O.C. v. Bay Ridge Toyota, Inc.*, 327 F. Sup. 2d 167, 170 (ED NY 2004). ***However, before such a motion to strike may be granted, "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."*** *Systems Corp. v. American Telephone & Telegraph*, 60 FRD 692, 694 (SD NY 1973); *SEC v. Sands*, 902 F.Supp 1149, 1165 (CD CA 1995).

When ruling on a motion to strike, the court must view the attacked pleading in the light most favorable to the pleader. *Lazar v. Trans Union LLC*, 195 FRD 665, 669 (CD CA 2000).

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-4-    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT

### B. There are Legal Issues upon Which CSL's Time-Bar Defenses May Succeed

The plaintiff bases its motion to strike entirely on a phrase contained in paragraphs 4 and 5 of the Defendants' Answer wherein it was stated that MSI and MCI "controlled, owned, and/or managed the vessel *M/V Pioneer*" at the time of the incident. ***However,*** the plaintiffs amended complaint, in those two paragraphs, only addresses MSI and MCI's role in the management and/or ownership of said vessel, ***not*** CSL's defined role. MSI and MCI's response to the allegations in paragraphs 4 and 5 of the amended complaint ***did not*** prejudice CSL's ability to claim its "management, ownership and/or control" based upon the definitions and terms set forth in the COA.

Instead, the only paragraph in the First Amended Complaint ("Complaint") which addresses CSL's purported "ownership" or "management" status of the vessel is found in Paragraph 8. That paragraph alleges that "CSL was ***not*** the owner of the Vessel" based upon the defined terms in the COA (Paragraph 8, Complaint (emphasis added)). CSL specifically ***denied*** that allegation in the Answer. (Answer at paragraph 8). Therefore, the plaintiff's motion lacks any basis in fact or law upon which it may be granted because CSL contends it is entitled to "ownership" status based upon the terms in the COA (as more fully set forth below).

### C. CSL is Entitled to Invoke the One-year Time Bar Incorporated into the COA

On a motion to strike, the defenses raised in the Answer must be viewed in the light most favorable to CSL. Here, the subject affirmative defenses certainly apply to CSL. The plaintiff argues that the Clause Paramount does not provide protection to CSL because that clause applies to the "Owner of the Vessels performing hereunder." The Plaintiff's contention is ***wrong.*** The COA provides certain definitions in paragraph 1.1. The parties [CSL International Inc., and Hanson Aggregates Mid Pacific Inc.,] specifically agreed that "'**Owner**' *means CSL* or the owners of any vessel utilized in the performance of the Contract." COA, paragraph 1.1(e) (emphasis added). Therefore, the language in the Clause Paramount referring to "Owner" necessarily includes CSL within that clause.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

Plaintiff's motion is also fundamentally flawed because it analyzes paragraph 21 of the COA without considering the intent of the COA as a whole.  In doing so, plaintiff urges this Court to interpret the phrase "Owner of the performing Vessels" to exclude CSL, thus denying it the applicable time bar defense and asking at this early stage that its affirmative defenses be stricken.  Plaintiff knows better.

"A basic principle of contract interpretation in admiralty law is to interpret . . . all the terms in a contract without rendering any of them meaningless or superfluous." *Chembulk Trading LLC v. Chemex Ltd.*, 393 F.3d 550, 555 (5th Cir. 2004) (emphasis added) (citing *Foster Wheeler Energy Corp. v. An Ning Jiang MV,* 383 F.3d 349, 2004 WL 1905297, at *3 (5th Cir. 2004); *Capozziello v. Brasileiro*, 443 F.2d 1155, 1159 (2d Cir. 1971).  To understand why it is illogical to exclude CSL from the entities entitled to the Hague-Visby time bar defense, we first must understand the intent of the COA as a whole.

### 1.   The COA Applies to Carriage of Cargo Over a Five Year Time Span by CSL and Other Carriers Arranged by CSL

The COA was not a "one-off" contract for carriage.  This contract, "made and entered" between CSL and plaintiff, provided that "HANSON has agreed to ship and CSL has agreed to carry cargoes for the account of Hanson" (COA, page 4) over a five year period. (COA, paragraph 2).  Paragraph 5 confirms the minimum and maximum tonnage to be shipped and carried in each contact year.  It is also clear that the parties agreed that CSL would carry plaintiff's cargoes both on vessels it owned and on vessels it chartered from other owners.  Paragraph 4 confirmed that CSL would notify Hanson thirty days in advance of the vessel to carry any particular cargo, and further provided that the vessels would include "its owned ***or chartered*** belt conveyor self-unloading bulk carriers."  (COA, paragraph 4, emphasis added).  Therefore, even if the Court were to conclude that CSL was not the "owner" of a performing vessel under the COA, the definition of "Vessel" includes vessels chartered by CSL.  In either event, CSL is protected by the Clause Paramount.

Given that the COA contemplated multiple shipments over a five year period to be carried on CSL owned and CSL chartered vessels, it strains credulity to believe that the

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA  94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-6-    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT

parties only intended the statute of limitations provisions to apply to the owners of vessels chartered to CSL and not to CSL itself. A simple illustration makes this clear.

By plaintiff's analysis, if a shipment of cargo was shipped during the contract period on a vessel owned by CSL, the one-year time for suit provision would be applicable to CSL. However, if a second shipment of cargo is shipped the same day on a vessel CSL chartered from another vessel owner, the time bar would apply to the third party vessel owner but not to CSL. That simply makes no sense, and plaintiff has offered no plausible explanation why:

(1) CSL intended to protect other parties but not itself;

(2) why plaintiff would agree to the time bar in favor of a vessel owner which was not a party to the COA, but not CSL; nor

(3) why the contract would set out a time bar for the vessel owner but remain silent as to a time bar relating to CSL (the contracting party).

It is obvious that the time for suit provision is meant to apply to both entities (meaning CSL as charterer and a third-party owner). As we next see, plaintiff's attempt to parse the language of the COA to avoid this conclusion also makes no sense.

### 2. The Phrase "Owner of the Performing Vessels" Includes CSL

Plaintiff argues that the time for suit clause doesn't apply to CSL in this case because "CSL was not the owner of the performing vessel." Plaintiff is, at best, mistaken.

Paragraph 21, the Clause Paramount, provides that:

It is expressly agreed that the **Owner** [CSL] of the **Vessels** [vessels supplied by CSL that it either owns or charters] performing hereunder shall have the benefits of the "Rights and Immunities" in favor of the carrier or the Owner of said Vessels and shall assume the "Responsibilities and Liabilities" as defined in the International Convention for the Unification of Certain Rules Relating to Bills of Lading signed at Brussels on the 25th of August, 1924 (the "Hague Rules") as amended, if that be the case, by the Protocol signed at Brussels on the 23rd February, 1968 (the "Hague-Visby Rules"). (Emphasis added).

As the Court should note, the terms "Owner" and "Vessels" in paragraph 21 are capitalized. That's because they are specifically defined in the agreement. Paragraph 1.1(e) of the COA defines "Owner" as "CSL or the owners of any vessel utilized in the performance of the Contract." Paragraph 1.1(i) provides that "'Vessel' or 'Vessels' has the

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO,
CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-7-   Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT

meaning set forth in Clause 4 hereof." Paragraph 4 provides that "CSL will supply its owned *or chartered*" vessels for use in the carriage of cargo. (COA, paragraph 4, emphasis added). **The definition of Vessel therefore includes vessels both owned and/or chartered by CSL and used in the delivery of the cargo.** By definition, therefore, CSL is considered an owner of any Vessel used in the carriage of plaintiff's cargoes, regardless whether it owns or charters that vessel. This puts to rest plaintiff's entire argument.

### 3. The Clause Paramount Would Apply Even If Plaintiff's Interpretation Was Correct

Even if the Court adopts plaintiff's strained interpretation of the COA, the Clause Paramount still protects CSL and entitles it to assert the subject affirmative defenses because it was a "Carrier" of plaintiff's cargo. That's what the plaintiff's complaint specifically alleges (Amended Complaint, pg. 3, lns. 1-3) and what the COA specifically provides (COA, page 4). This entitles CSL to the same protection as a vessel "owner."

The Hague-Visby Rules specifically define a "carrier" as "including the owner or charterer who enters into a contract of carriage with a shipper," (Hague-Visby Rules, Article I, subparagraph (a)), and the COA provided that CSL would carry the cargo either on its owned or chartered vessels. The Clause Paramount states that the "Owner of the Vessels performing hereunder shall have the benefits of the "Rights and Immunities" *in favor of the carrier* or the Owner…." (Emphasis added). The only plausible interpretation of that clause is that the purported "Owner of the Vessels performing" *and the carrier* enjoy the same "Rights and Immunities" provided by Hague-Visby. This, of course, includes the one-year time bar provision. Whether CSL is determined to be the "owner" or "carrier," the one-year time bar defense incorporated into the COA applies to CSL.

### D. There is No Prejudice to Plaintiff if the Motion is Denied Nor Will There be Any Time Savings if Granted

The plaintiff claims that it will be prejudiced if its motion is denied and that judicial economy favors striking the defenses as to CSL. Both arguments are without merit. First, the plaintiff's motion is only directed to one of the four defendants named in the action. MSI and MCI will still be entitled to assert the subject affirmative defenses and they *intend*

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

-8-    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT

to do so. Therefore there will be no judicial economy in striking the defenses as to CSL because the remaining defendants will still be litigating those same issues. What's more, given the liberal pleading an amendment standards set forth in the Federal Rules of Civil Procedure, even were the Court to grant the motion at this time, CSL should still be entitled to present facts that will allow it to amend its answer to include the subject affirmative defenses after discovery on these issues has been completed. As Schwarzer writes, "ordinarily, if a portion of a pleading is stricken, leave to amend is granted." *California Practice Guide: Civil Procedure Before Trial,* Paragraph 9:412 (Rev #1 2006).

Additionally, because MSI and MCI will still be entitled to assert the time-bar affirmative defenses, there will be, in plaintiff's words, the need for "fairly extensive (and expensive) discovery into the particulars of this voyage, the cargo damage, mitigation efforts, sand screening and cleaning methods, waiver, . . . ." Discovery into those issues will go forward regardless of the outcome of this motion. MSI and MCI are entitled to that discovery.

The plaintiff also argues that it will be prejudiced if the motion is denied because it will be "forced to engage in discovery" which it contends can be avoided if there is an early resolution of this issue. The plaintiff filed suit in this action and the claimed prejudice of engaging in discovery is ludicrous. If the plaintiff does not want to engage in discovery, it can dismiss this action in its entirety. The discovery set forth in the plaintiff's moving papers will go forward regardless of the ruling on this motion for all of the obvious reasons. The Defendants must engage in discovery to prepare for trial and that discovery will go forward no matter the resolution of this motion.

## IV.  CONCLUSION

For the reasons set forth above, the Defendants request that the plaintiff's motion be denied.

Dated: January 22, 2008                COX, WOOTTON, GRIFFIN,
                                       HANSEN & POULOS, LLP
                                       Attorneys for Defendants

                                       By: ___/S/_____
                                              Marc T. Cefalu

-9-                                    Case No. C-07-3849-JL
DEFENDANTS' ANSWER TO PLAITNIFF'S FIRST AMENDED COMPLAINT