Ernest N. Reddick (State Bar No. 048522)
ereddick@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone: (415) 984-8200
Facsimile: (415) 984-8300

Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES MID-PACIFIC, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER vessel, <u>IN REM</u>, its engines, tackle, equipment, furnishings and machinery, <u>IN PERSONAM</u> MARBULK CANADA INC., MARBULK SHIPPING, INC., CSL INTERNATIONAL INC.,<br><br>Defendants. | Case No. C-07-3849-JL<br><br>**PLAINTIFF HANSON AGGREGATES MID-PACIFIC, INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE**<br><br>**[FRCP Rule 12(f)]**<br><br>Date: February 13, 2008<br>Time: 9:30 a.m.<br>Location: 450 Golden Gate Avenue<br>Courtroom F, 15th Floor<br>San Francisco, CA 94102<br>Judge: Honorable James Larson<br><br>Complaint Filed: July 26, 2007 |

Plaintiff HANSON AGGREGATES MID-PACIFIC, INC. ("Plaintiff" or "Hanson") hereby submits its reply brief in support of the motion to strike as follows:

**I.   INTRODUCTION**

No matter how defendants attempt to slice it and dice it, defendant CSL International, Inc. ("CSL") is not the owner of the vessel Pioneer which was the performing vessel. Clause 21 of the Contract of Affreightment ("COA") dated August 3, 2001 between CSL and Plaintiff expressly limits the application of the Hague-Visby Rules (including their one year time for suit provision) to the

**owner of the performing vessel**. CSL cannot invoke the one-year time bar defense to Hanson's claims.

Hanson's cargo was damaged during a voyage chartered by defendant CSL and transported in a vessel owned by defendant Marbulk. Hanson provided defendants with documentation establishing its monetary loss in the amount of approximately $350,000. By this lawsuit, Hanson seeks reimbursement from defendants for its damages. Plaintiff has been waiting for over three years for defendants to compensate it for the damage to its cargo that defendants concede was contaminated by their negligence. Far from seeking to delay the orderly resolution of this matter, Plaintiff seeks, with this motion, to bring it to a swift conclusion. The Court's order striking CSL's legally insufficient affirmative defenses related to the alleged time bar will remove from this case one of the key stumbling blocks that has prevented this matter from being resolved informally—namely defendants' dubious argument, asserted nearly two years into negotiations, that Plaintiff's claims are time-barred. Plaintiff's motion to strike defendants' Sixth, Eleventh, and Sixteenth Affirmative Defenses as legally and factually insufficient as to CSL should be granted.

## II.    LEGAL ARGUMENT

### A.    Plaintiff's Rule 12(f) Motion to Strike Is The Proper Procedural Challenge to Defendants' Affirmative Defense

Federal Rule Civil Procedure ("FRCP") 12(f) specifically provides that the court "may strike from a pleading an insufficient defense" on the motion of any party, or on the court's own initiative. Such motions are effectively granted as the proper procedure to challenge the legal sufficiency of a defense. *California v. United States* (N.D. Cal. 1981) 512 F.Supp. 36, 38, (ND CA 1981); *Lafayette Corp. v. Bank of Boston Int'l. South*, 723 F.Supp.1461, 1466 (SD FL 1989). Since CSL is not the owner of the vessel Pioneer, Defendants' Sixth, Eleventh, and Sixteenth affirmative defenses are insufficient as a matter of law as to CSL and should be striken.

### B.    Plaintiff's Rule 12(f) Motion to Strike Was Timely Filed

Defendants argue that Hanson's motion to strike was filed untimely. They are incorrect. The instant case has been designated an e-file case. Therefore, service of pleadings are effected electronically. Fed. Rule Civ. Proc. Rule 5 (D). Pursuant to FRCP 6(e), where, as here, service is

made electronically, three days are added to the prescribed period in which to file a motion to challenge a pleading. Fed. Rule Civ. Proc. Rule 6(e).

FRCP 6(e) provides:

> Whenever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a).

Here, defendants filed their answer on December 10, 2007. The 20th day thereafter that date, as prescribed by FRCP 12(f)(2), was December 30th which fell on a Sunday. Pursuant to FRCP 6(a), in circumstances in which the expiration date falls on a weekend, the responsive date is moved to the next business day, which here was December 31, 2007. Calculating the additional three days from December 31st extends the date for filing the instant motion to January 3, 2008, which is the date Plaintiff filed its Motion to Strike. Plaintiff's motion is timely.

**C.   CSL Cannot Invoke the Time Bar Defense Set Forth in Clause 21 of the COA Because Marbulk, not CSL, Owns the Performing Vessel**

In what appears to be a second desperate effort to defeat Plaintiff's motion to strike, defendants attempt to argue that somehow CSL owned the vessel Pioneer. This assertion belies the undisputed facts of this case. Defendants have made plain and unambiguous admissions regarding the ownership of the vessel Pioneer. In their answer, defendants admitted that the vessel was "controlled, owned and/or managed" by Marbulk. Defendants can't deny the undeniable – CSL did not own the vessel. On September 12, 2007, defendants filed a Memorandum in Support of their motion to dismiss in which defendants specifically refer to: "The vessel PIONEER; <u>her owner Marbulk Canada, Inc</u>." (emphasis added). Defendants' Motion to Dismiss, at p. 3:6. As recently as January 2, 2008, defendants served initial disclosures which included an email containing a letter dated January 17, 2007 from CSL to Hanson in which a senior CSL representative, Mike Bedford, states: "I apologise [sic] for the delay in responding to your letter, the captioned loss occurred <u>on board a Marbulk vessel</u> and it has taken me some time to obtain their files and confer with their insurance advisors." (emphasis added). Declaration of Rosalyn P. Mitchell ("Mitchell Decl.") and Exhibit "A thereto. CSL's own admissions preclude it from invoking the time bar defense set forth in

Clause 21 of the COA. Defendants' cannot, and do not, dispute that Marbulk, not CSL, owns the vessel Pioneer.

### D. Defendants' Strained Interpretation of the COA Is Inconsistent with Basic Contract Interpretation Principles and the Clear and Unambiguous Terms of the COA

In their opposition, defendants resort to convoluted, and at times, unintelligible legal arguments. Defendants admonish that all terms of the COA are considered without any of them being rendered "meaningless or superfluous" (Defendants' Opposition 6:6-7). Yet, the arguments contained in defendants' opposition rely exclusively on superfluity.

First, defendants urge the court to conclude that Hanson has failed to show that the parties had an "intent" to exclude CSL from Hague Visby protection. Hanson has no such obligation and defendants fail to provide any legal authority establishing that any such obligation exists. The COA is a valid integrated written contract. Hanson is not required to go outside its four corners or behind it to explain the "intent" of the parties in the absence of some ambiguity. Cal. Civ. Code 1638. Defendants' argument must fail.

Second, defendants argue that the words "of the Vessels performing hereunder" (which plainly appear in Clause 21 of the COA) should be disregarded. But these words cannot and should not be disregarded; they point directly away from CSL. Defendant's argument to the contrary is meritless.

#### 1. Defendant's Interpretation Based On The Definition of Owner in the COA Defies Logic

Defendant's argue that Clause 1.1 of the COA supports their position that Clause 21 includes CSL within the clause. Based on Clause 1.1, defendants argue that the word "Owner" must be taken to mean "CSL" everywhere it appears in the COA irrespective of the context and irrespective of the facts of the voyage. For the reasons below, this argument defies logic.

Clause 1.1 of the COA provides:

> "Owner means CSL **or** the owners of any vessel utilized in the performance of the Contract (emphasis added).

Clause 1.1 of the COA defines "Owner" and, in so doing, draws a clear distinction between CSL and the owner of the performing vessel. Defendants unnaturally force the word "Owner"

beyond its ordinary meaning within the COA. For example, if "CSL" is substituted everywhere the word "Owner" appears in Clause 21, Clause 21 is reduced to gibberish. [e.g., "CSL of the Vessels performing hereunder…"].

### 2. CSL Is Not the Owner Under the COA Simply Because It Charters Vessels Owned by Others

A cursory review of the COA demonstrates that the parties contemplate that CSL would employ vessels that it owned while at other times it would charter-in vessels owned by others. The carriage in question utilized a vessel chartered-in from another party (i.e., Marbulk). Under no circumstances, is CSL the "owner" of the vessel. Indeed the COA contains no provisions which would make CSL the vessel "owner" of the Pioneer. The words "charterer" and "owner" are not synonymous. The owner is not the charterer; they are separate parties on the opposite side of the table. In fact, they have quite opposite meanings. A vessel is owned by its "owner." The owner may then charter the vessel to the "charterer."

A review of other provisions on the COA demonstrates the absurdity of defendants' argument.

Clause 21 and 22 are referred to in the COA as the "Shipping Terms." "CSL" is specifically referred to numerous times in these shipping provisions, including sections 22.4, 22.5, 22.6, 22.7, 22.8, 22.9, 22.10, and 22.11. However, in Clauses 21, 22.1 and 22.2, <u>no reference is made</u> to "CSL." The references are to the vessel owner because each of these clauses pertains to the actual cargo carrying (i.e. performing) vessel with respect to the voyage in question. The "Clause Paramount and Limitation of Liability" (21), the "Both to Blame Clause" (22.1) and the "New Jason Clause" (22.2) are the traditional maritime clauses written to work in close relation with each other with respect to the carriage of cargo. These clauses protect the performing vessel owner from the consequences of its own negligence in situations where such owner is exempt from liability under Hague Visby (i.e., Clause 21) The Both to Blame Clause (22.1) protects the performing vessel owner from indirect third party indemnity-type liability for damage to cargo it is carrying even when such owner has been negligent. The "New Jason Clause" allows the performing vessel owner to recover general average expense from cargo it is carrying even when such performing owner has been negligent.

The foregoing underscores Hanson's fundamental point which is that each of these interrelated clauses has relevance only to the actual vessel that is performing the work and to that vessel's owner. In other words, Clause 21 means what it says, and what it says is that Hague Visby is being extended to cover the Pioneer's owners—not the non-owner CSL.

To be clear, Hanson does not argue that CSL has no protection whatsoever under Clauses 21, 22.1 and 22.2. Those clauses fully apply to CSL when it is the owner of the performing vessel. However, where, as here, it was not the owner of the performing vessel, the clauses by their express terms do not apply to CSL. This result is underscored by the way the COA carefully defines "Owner" in the disjunctive ("CSL or the owners of any vessel utilized in the performance of the Contract"). The word "or" is typically used as a disjunctive. *Piet v. U.S.* 176 F.Supp. 576, 583 -584 (D.C.Cal.1959) (The use of the word 'or' indicates an intention to use it disjunctively so as to designate alternative or separate categories); *See also, Smith v. Hutson* 78 So.2d 923, 923 (Ala. 1955); *Azure v. Morton* 514 F.2d 897, 900 (9th Cir. 1975).

In determining whether "or" should be interpreted as a disjunctive, courts have looked "to the context and the circumstances of the case." *H & B American,* 11 F. Supp. at 53. In doing so, courts "construe the contract as a whole and in the light of all of its terms" in order to best achieve the reasonable intention of the parties. *Kansas City Life Ins. Co. v. Wells,* 133 F.2d 224, 227 (8th Cir. 1943); cf. *Noell v. American Design Inc., Profit Sharing Plan,* 764 F.2d 827, 833-34 (11th Cir. 1985) (interpreting "and" as "or" in order to avoid the unreasonable result that would ensue from giving "and" its literal meaning). Any fair reading of Clause 21 in light of its maritime context shows that the drafters of Clause 21 meant to cover only the owner of the performing vessel, which was not CSL in the present case.

Similarly, contrary to defendant's assertion, Hanson does not argue in favor of any result that "strains credulity" by saying that the statute of limitations applies to the owner of the vessels chartered but "not to CSL itself." (Defendants' Memo. 6:27-7:2). Indeed, CSL is certainly protected by a statute of limitations. It is covered by the Hague Visby limitation period set forth in Clause 21 for claims which arise out of vessels that it owns. With respect to other matters (such as the present case), it is subject to the four year statute of limitations applicable to written contracts generally.

Defendants specious arguments regarding the COA must be rejected.

### E. The Hague Visby Rules Do Not Apply Automatically As A Matter of Law To Private Carriage

Finally, defendants' argument that CSL is entitled to the protection of the Hague Visby rules, even if Clause 21 did not cover CSL, is far wide of the mark. Defendants, in effect, argue that CSL is entitled to the protections of the Hague Visby Rules as a matter of law--no matter what the COA says (or fails to say) because CSL calls itself a "carrier," and this word is found in the Hague Visby Rules. That argument fails because the Hague Visby Rules do no automatically apply as a matter of law to private carriage, such as the COA in the present case.

In order for the Hague Visby Rules to apply to contracts of private carriage, their provisions must be expressly incorporated by reference into the contract between the parties. *Associated Metals & Minerals Corp. v. S/S Jasmine,* 983 F.2d 410 (2d Cir. 1993). In other words, CSL enjoys Hague Visby protection only to the extent the COA provides it. For this voyage, the COA expressly incorporated Hague Visby only for the protection of the owner of the Pioneer. This was not CSL.

### F. Though Plaintiff Need Not Show Prejudice On This Motion, The Facts and Evidence Establish That Plaintiff Will Be Prejudiced by Defendant's Inclusion of the Challenged Defenses

Contrary to defendant's assertions, Plaintiff's motion to strike could be granted even in the absence of evidence that denial would prejudice Plaintiff. *Fantasy, Inc. v. Fogerty* (9th Cir. 1993) 984 F.2d 1524, 1528 (rev'd on other grounds in *Fogerty v. Fantasy, Inc.* (1994) 510 U.S. 517, 534–535); *California v. United States* (ND CA 1981) 512 F.Supp. 36, 38 (orders striking portions of pleadings are proper even they are not shown to be "prejudicial" to the moving party, if granting the motion will make the trial less complicated or otherwise streamline ultimate resolution of the action).

In their Opposition, defendants rely on a quote taken out of context from Judge Schwarzer's practice manual. Defendants' Opposition at 4:12-16. However, Judge Schwarzer continues: "Rule 12(f) motions are proper when a defense is insufficient as a matter of law. [*Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.* (5th Cir. 1982) 677 F2d 1045, 1057]"…and he further notes that: "The requirement that the moving party show 'prejudice' from the challenged pleading is off target." *Schwarzer, Tashima & Wagstaffe*, CAL. PRAC. GUIDE: FED. CIV. PRO.

BEFORE TRIAL, 9:378, 9:410 (The Rutter Group 2001).

Since CSL is: (i) the principal defendant;(ii) the party with whom Hanson contracted; (iii) the only party that has been negotiating this claim with Hanson; and (iv) defenseless on the merits, a legal ruling that Hanson's suit against CSL is timely will be a huge encouragement to a quick and speedy end to this dispute. Judicial economy will be served, and the parties should be able to avoid the waste and expense of extensive discovery regarding issues of waiver of the statute of limitations by the conduct of the defendants.

Defendants' claim that plaintiff can avoid the prejudice of continuing to bear litigation expenses and the inconvenience of this litigation by dismissing its lawsuit is not a credible retort as it could be thrown in the face of every plaintiff with a meritorious lawsuit. Indeed, Plaintiff suspects that defendant's tactic in this case has been to delay resolution of this issue in the hopes that the cost of litigation will force Plaintiff to walk away and forget the money it is legitimately owed.

### III.    CONCLUSION

The COA protects the owner of the vessel Pioneer.[1] The simple, admitted fact is that CSL did not own the vessel Pioneer. Therefore CSL does not have the protection of any one year limitation period with respect to the present case. Hanson respectfully requests that the Court grant its motion to strike the Sixth, Eleventh, and Sixteenth Affirmative Defense in Defendants' Answer to Hanson's First Amended Complaint as to CSL.

Dated: January 30, 2008                                     NIXON PEABODY LLP

By:  /s/ Rosalyn P. Mitchell
ROSALYN P. MITCHELL
Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

---

[1] Hanson reserves its right to argue that Defendants, including the Marbulk entities, waived the Sixth, Eleventh and Sixteenth affirmative defenses.

# PROOF OF SERVICE

*Hanson Aggregates Mid-Pacific, Inc. v. Pioneer, et al.*
**United States District Court, Northern District**
Case No.   C 07 3849 JL

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600.

On **January --, 2008**, I served the following document(s):

**PLAINTIFF HANSON AGGREGATES MID-PACIFIC, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH, AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

X:    By First-Class Mail — I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, the correspondence is deposited with the U.S. Postal Service on the same day as collected, with first-class postage thereon fully prepaid, in San Francisco, CA, for mailing to the office of the addressee following ordinary business practices.

___ :    By Personal Service — I caused each such envelope to be given to a courier messenger to personally deliver to the office of the addressee.

___ :    By Overnight Courier — I caused each such envelope to be given to an overnight mail service at San Francisco, CA, to be hand delivered to the office of the addressee on the next business day.

___ :    By Facsimile — From facsimile number 415-984-8300, I caused each such document to be transmitted by facsimile machine, to the parties and numbers listed below, pursuant to Rule 2008. The facsimile machine I used complied with Rule 2003(3) and no error was reported by the machine. Pursuant to Rule 2008(e)(4), I caused the machine to print a transmission record of the transmission, a copy of which is attached to the original of this declaration.

**Addressee(s)**

| | |
|---|---|
| Richard C. Wootton, Esq.<br>Marc T. Cefalu, Esq.<br>Cox Wootton Griffin Hansen & Poulos LLP<br>190 The Embarcadero<br>San Francisco, CA  94105 | Attorneys for Defendants Marbulk Canada, Inc., Marbulk Shipping, Inc. and CSL International, Inc.<br><br>Telephone:   (415) 438-4600<br>Facsimile:    (415) 438-4601 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 30, 2008, at San Francisco, California.

/s/ Kim Love
Kim Love

PROOF OF SERVICE

10886487.4