Ernest N. Reddick (State Bar No. 048522)
ereddick@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone:   (415) 984-8200
Facsimile:    (415) 984-8300

Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

Richard C. Wootton (State Bar No. 88390)
rwootton@cwghp.com
Marc T. Cefalu (State Bar No. 203324)
mcefalu@cwghp.com
COX WOOTTON GRIFFIN HANSEN & POULOS LLP
190 The Embarcadero
San Francisco, CA  94105
Telephone:   (415) 438-4600
Facsimile:    (415) 438-4601

Attorneys for Defendants
MARBULK CANADA, INC., MARBULK SHIPPING, INC.
AND CSL INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES MID-PACIFIC, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER vessel, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA INC., MARBULK SHIPPING, INC., CSL INTERNATIONAL INC.,<br><br>Defendants. | Case No. 07 03849 JL<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>**Date: February 13, 2008**<br>**Time: 9:30 a.m.**<br>**Place: Courtroom F**<br><br>Complaint Filed: July 26, 2007<br>Trial Date:         None |

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
CASE NO. 07 03849 JL

-1-

10774703.2

Pursuant to Rule 16-9 of the Local Rules of the Northern District of California and this Court's July 26, 2007 Order Setting Case Management Conference Requiring Joint Case Management Conference Statement, and subsequent Orders continuing the Case Management Conference, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that this Court adopt it as its Case Management Order in this case.

**1.  A brief description of the basis for this Court's subject-matter jurisdiction, whether any issue exists regarding personal jurisdiction or venue, and whether any parties remain to be served.**

The parties contend that this District Court is a proper tribunal for this case. However, Plaintiff is amenable to resolving the dispute pursuant to the binding arbitration provision contained in the Contract of Affreightment between Hanson and CSL dated August 3, 2001.

   a.  Are all the parties subject to the Court's personal jurisdiction?  Yes.

   b.  Do any parties remain to be served? The vessel *M/V Pioneer* (hereinafter referred to as "the Vessel") has not been served.

**2.  A brief description of the case and defenses, the several key factual events underlying the action, and a brief description of any related proceeding, including any administrative proceedings.**

Hanson and CSL entered into a written Contract of Affreightment ("COA") dated August 3, 2001. Defendant CSL agreed to carry various cargoes for Plaintiff. Plaintiff Hanson is one of the world's largest suppliers of heavy building materials to the construction industry.

On or about July 23, 2004, the Vessel transported Plaintiff's sand to the San Francisco Bay Area. The cargo arrived in the San Francisco Bay Area on or about July 28, 2004 to July 30, 2004. Plaintiff contends that when the sand was discharged, foam rubber that had been used to seal the discharge gates from the cargo hold on the Vessel contaminated the sand. Plaintiff further contends that shortly thereafter, Plaintiff's customer, RMC Harbor, refused to accept the delivery of the sand due to contamination. Thus, as a result of the contaminating, Plaintiff was forced to sell the sand at a significant discount. Defendant denies these allegations. The Plaintiff contends it is entitled to damages based upon these allegations. The Defendants deny that the Plaintiff is entitled to any damages. As a result, Plaintiff filed the instant action.

The factual issues in dispute include the following:

1) The circumstances and causes of the damages the Plaintiff maintains it suffered.

2) The nature and extent of Plaintiff's alleged damages.

3) Whether any Defendants may assert a statute of limitations defense.

4) Whether any applicable statute of limitations was tolled by the parties' conduct.

5) The parties reserve the right to supplement this list as facts become known through discovery.

**3.  A brief description of the legal issues genuinely in dispute, including whether there are any dispositive or partially dispositive issues appropriate for decision by motion or by agreement.**

The legal issues in dispute include the following:

1) Whether the Defendants breached the COA.

2) Whether the Defendants were negligent.

3) Whether the Plaintiff was negligent.

4) Whether Plaintiff's claims are barred by the applicable statute of limitations.

5) The parties reserve the right to supplement this list as facts become known through discovery.

**4.  A brief description of the procedural history of the matter, including a list of all pending motions and their current status.**

On July 26, 2007, Plaintiff filed the instant action in the United States District Court for the Northern District of California. On September 12, 2007 Defendants filed a motion to dismiss. On September 26, 2007, Plaintiff filed an opposition to the motion and on October 17, 2007, the Court issued an order denying Defendants' motion to dismiss and ordering Plaintiff to amend its complaint within 30 days of the date of the hearing. Plaintiff's First Amended Complaint was filed on November 16, 2007. Defendants filed an Answer to the First Amended Complaint on December 10, 2007.

/ / /

/ / /

/ / /

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
CASE NO.07 03849 JL

-3-

10774703.2

**5. A brief description of the scope of discovery to date, including whether there has been a full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26.**

The parties will endeavor to ensure that witnesses with overlapping knowledge of the aforementioned phases for deposition will only have to be deposed once. The Parties have timely served their Rule 26 Initial Disclosures.

Each party has included witnesses based on the facts and information currently known regarding the claims in this case. The parties reserve the right to supplement this list as discovery continues. The parties do not expect any special discovery issues.

**6. A formal, agreed-upon plan of the discovery each party intends to pursue, including, but not limited to, based upon the nature of the case, the scope and duration of the discovery and whether the parties can limit discovery in any manner, such as using phased discovery to or limiting the scope of initial discovery matters, as well as a list of key witnesses who the parties deem essential to prove their claims or defenses, and the information each party deems essential to obtain from the other to prove their claims or defenses.**

The parties by and through their counsel of record, hereby agree to the following discovery plan.

The parties have not yet exchanged written discovery. Discovery will be needed on the following subjects: Liability, the statute of limitations (including any alleged tolling of the statute), and damages. The discovery will relate to the extent and amount of damages allegedly caused by Defendants to the Plaintiff's cargo during the incident on or about July 28, 2004 to July 30, 2004, the events immediately prior to, during, and following the damage to cargo.

The parties propose a maximum of 40 interrogatories by each party to any other party; a maximum of 12 depositions by Plaintiff and 12 depositions by Defendant, with each deposition limited to a maximum of seven hours unless extended by agreement of the parties. The following depositions are anticipated: representatives of the Plaintiff and its key employees, the officers and crew the Vessel, representatives of the Defendant and their key employees, and expert witnesses.

Hanson Representatives and/or Witnesses:

    (1)    Tom Jackson

    (2)    Bill Butler

    (3)    James Wallmann

|   |     |                            |
|---|-----|----------------------------|
| (4) | Jeffrey Brummert |
| (5) | Mike Bishop |
| (6) | Syl La Macchia<br>775 Seaport Blvd.<br>Redwood City, CA, 94063<br>(650) 369-9189 |
| (7) | Cpt. Graham Cullen<br>465 46th St.<br>Richmond, CA, 94805-2301 |

Jim Wallmann is corporate counsel for Plaintiff. As such, Plaintiff reserves its right to assert privileges as appropriate as to any communications that would reveal Plaintiff's motives, litigation strategy, or the specific nature of the services provided. Subject to the foregoing, representatives of Plaintiff will testify as to their conversations with representatives of CSL and/or its representatives following the cargo damage, the events surrounding Hanson's claim regarding the cargo damage and Plaintiff's damages. Plaintiff reserves the right to supplement the above witnesses.

Defendants incorporate into this list those witnesses already named by Plaintiff Hanson. Defendants further anticipate that the following additional witnesses will be called to testify as witnesses to support its defenses in this case.

CSL Representatives:

(1)    Mike Bedford

(2)    David King

(3)    Jeff Robbins

(4)    Wes Lukkason

(5)    David Hummel

(6)    Kelly Mueller

(7)    Rick Beatty

(8)    Master of the *M/V Pioneer*

(9)    Chief Officer of the *M/V Pioneer*

**7. A brief description of the motions each party intends to pursue before trial, the extent to which new parties will be added or existing parties deleted, and the extent to which evidentiary, claim-construction or class certification hearings are anticipated.**

Each party anticipates filing a dispositive motion on the issue of the statute of limitations

The parties do not anticipate adding any additional parties at this time.

**8. A brief description of the relief sought, including the method by which damages are computed.**

Plaintiff is seeking monetary damages for damage to cargo which occurred while the cargo was in Defendants' possession.

**9. ADR efforts to date and a specific ADR plan for the case, whether the parties have complied with Civil L. R. 16-8(b) regarding ADR certification, and the prospects for settlement including whether either party wishes to have a settlement conference with another judge or magistrate.**

The parties have discussed ADR and are amenable to participating in an early dispute resolution proceeding and/or private mediation

**10. Whether all parties will consent to assignment of the case to a magistrate judge to conduct all further proceedings including trial.**

The parties have consented to the assignment of the case to a magistrate judge.

**11. Proposed deadlines and court dates, including a discovery cut-off, hearing dispositive motions, pretrial conference and trial date, the anticipated length of trial, the approximate number of witnesses, experts and exhibits, whether the case will be tried by jury or to the Court, whether it is feasible to bifurcate issues for trial or reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence.**

Plaintiff and Defendants suggest a trial date in December 2008 or January 2009 and propose the following schedule:

    Pre Trial Conference: November 19, 2008 at 11:00 a.m.

    Close of expert discovery: October 27, 2008.

    Last Day to Hear Dispositive Motions: September 23, 2008.

    Simultaneously exchange expert reports: August 29, 2008.

    Close of fact discovery: August 23, 2008

If the trial date is set in January 2009, the parties request a revised schedule commensurate with the trial date.

**12.    A service list for all counsel, including telephone and facsimile numbers:**

Attorneys for Plaintiff
<u>Hanson Aggregates Mid-Pacific, Inc.</u>
Ernest N. Reddick
Rosalyn P. Mitchell
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone:    (415) 984-8200
Facsimile:    (415) 984-8300

Attorneys for Defendants
<u>Marbulk Canada, Inc., Marbulk Shipping, Inc. and CSL International, Inc.</u>
Richard C. Wootton
Marc T. Cefalu
Cox Wootton Griffin Hansen & Poulos LLP
190 The Embarcadero
San Francisco, CA  94105
Telephone:    (415) 438-4600
Facsimile:    (415) 438-4601

**13.    To the extent not specifically addressed above, all other items set forth in Civil L. R. 16-10.**

None.

**14.    In order to assist the Court in evaluating any need for disqualification or recusal, the parties shall disclose to the Court the identities of any person, associations, firms, partnerships, corporations or other entities known by the parties to have either (1) financial interest in the subject matter at issue or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding.  If disclosure of non-party interested entities or persons has already been made as required by Civil L. R. 3-16, the parties may simply reference the pleading or document in which the disclosure was made.  In this regard, counsel are referred to the Court's Recusal Order posted on the Court website at the Judges Information link at www.cand.uscourts.gov.**

None at this time.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
CASE NO.07 03849 JL

-7-

10774703.2

**TRIAL SCHEDULE**

The parties estimate that trial will last for 4 (Plaintiff's estimate) to 5 (Defendants' estimate) trial days.

Dated: January 31, 2008                    NIXON PEABODY LLP

                                           /s/ Rosalyn P. Mitchell
                                    By: _____
                                           ERNEST N. REDDICK
                                           ROSALYN P. MITCHELL
                                           Attorneys for Plaintiff
                                           HANSON AGGREGATES MID-PACIFIC, INC.

Dated: January 31, 2008                    Cox Wootton Griffin Hansen & Poulos LLP

                                            /s/ Marc T. Cefalu
                                    By: _____
                                           RICHARD C. WOOTTON
                                           MARC T. CEFALU
                                           Attorneys for Defendants
                                           MARBULK CANADA, INC., MARBULK SHIPPING, INC. AND CSL INTERNATIONAL, INC.