**COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP**
Richard C. Wootton (SBN 88390)
Marc T. Cefalu (SBN 203324)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Defendants
MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HANSON AGGREGATES MID-PACIFIC, INC.,

Plaintiff,

v.

PIONEER, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC.

Defendants.

Case No.: C-07-3849-JL

**DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CSL'S SIXTH, ELEVENTH AND SIXTEENTH AFFIRMATIVE DEFENSES**

**Hearing Date: February 13, 2008**
**Place: Courtroom F**
**Status: Submitted**

Pursuant to the Court's invitation on February 13, 2008, defendants Marbulk Canada Inc. ("MCI"), Marbulk Shipping Inc., ("MSI") and CSL International Inc., ("CSL") (collectively referred to as "Defendants"), submit this supplemental brief. We address the issues raised by *Royal Insurance Company of America , et. al., v. Orient Overseas Container Line Ltd., et. al.,*[1] (hereinafter referred to as "*Royal*") which the plaintiff's counsel first provided to us and the Court on February 13, 2008 at the hearing on the motion to strike. Counsel represented that the case was "on point" to the issues addressed by plaintiff's motion to strike. As we will see, it clearly is not.

[1] 2008 U.S. App. LEXIS 1927 (6th Cir. 2008).

## ANALYSIS AND APPLICABILITY OF *ROYAL*

At the outset, the defendants reiterate their contentions raised in their opposition that the only reasonable interpretation of the plain language of the contract as a whole is that its one-year time bar applies, as a matter of law, to all defendants. If the Court believes that the contract language does not clearly establish CSL and Marbulk's contentions, then it can only be because the contract language is ambiguous. If that is the case, then the interpretation of the contract can only be decided by summary judgment.

Plaintiff's counsel was adamant at oral argument that the *Royal* decision requires the Court to reconsider its tentative ruling to deny the motion. A reasoned review of this decision confirms that it is ***unpersuasive*** on any issue raised in the plaintiff's moving papers. If anything, the *Royal* decision confirms the Court's tentative decision.

***The most important distinction*** between the *Royal* decision and our case is that *Royal* involved cross-motions for ***summary judgment***. *Royal* at *31. Here, the plaintiff seeks to summarily strike CSL's affirmative defenses on a motion to strike (which is a disfavored motion). Moreover, the plaintiff's counsel ignores the *Royal* Court's ultimate conclusion in which it held that "the district court erroneously interpreted the bill of lading . . . and because additional briefing and fact-finding may be required before the liability limitation may be appropriately applied, we REVERSE the district court's judgment and REMAND this case for further proceedings consistent with this opinion." *Royal*, at * 54-55 (emphasis added). If the Court believes that the contract is unclear or ambiguous, further fact finding and additional briefing (by way of Summary Judgment motion) is necessary before deciding the issues raised by the plaintiff.

Despite plaintiff's counsel's repeated assertion that there are no factual issues to be decided, CSL raised the obvious factual and legal issues which require denial of the plaintiff's motion. These included the fact that the Contract at issue in this case could not possibly be read to exclude CSL from the Hague-Visby time-bar.[2] The *Royal* case itself makes a distinction where such factual issues are raised: where a "factual controversy exists

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

CSL.Hanson/2554

[2] See Defendants' Opposition to Motion to Strike, pages 5-8 (Section III C).

regarding [the parties'] contractual intent, [those controversies] would require resolution by a fact-finder." *Royal* at *30-31. Given further opportunity, CSL will produce evidence (at the summary judgment stage) which supports its logical interpretation of the Contract at issue here.

A motion to strike cannot be properly granted except when "the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."[3] The plaintiff's contention that the Defendants were required to raise specific factual or legal challenges to the plaintiff's arguments is just wrong. Although it also did so, we preliminarily noted that the law requires the challenged pleading be viewed in the light most favorable to the pleader. ***Here, that admonition requires that the Clause Paramount be viewed in the light most favorable to CSL.*** Viewing the subject clause in the light most favorable to CSL would necessitate a finding that CSL was covered by the Hague-Visby one-year time bar and denial of the motion is appropriate.

As such, to the extent the Court believes the terms of the Contract may be ambiguous, the issues addressed by the plaintiff's motion should only rightfully be decided by summary judgment (as was the case in the Royal). The Defendants anticipate filing such a motion within the next 60 to 90 days.

## CONCLUSION

For the reasons set forth above and as set forth at the hearing on this matter, the plaintiff's motion should be denied.

Dated: February 20, 2008

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Defendants
MARBULK CANADA, INC.; MARBULK SHIPPING, INC.; and CSL INTERNATIONAL, INC.

By: _______________
Marc T. Cefalu

[3] *Systems Corp. v. American Telephone & Telegraph*, 60 FRD 692, 694 (SD NY 1973) (emphasis added); *SEC v. Sands*, 902 F.Supp 1149, 1165 (CD CA 1995).

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601