Ernest N. Reddick (State Bar No. 048522)
ereddick@nixonpeabody.com
Rosalyn P. Mitchell (State Bar No. 173829)
rmitchell@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, CA 94111-3600
Telephone:   (415) 984-8200
Facsimile:    (415) 984-8300

Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON AGGREGATES MID-PACIFIC, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>PIONEER vessel, IN REM, its engines, tackle, equipment, furnishings and machinery, IN PERSONAM MARBULK CANADA INC., MARBULK SHIPPING, INC., CSL INTERNATIONAL INC.,<br><br>Defendants. | Case No. C-07-3849-JL<br><br>**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**<br><br>Complaint Filed:    July 26, 2007 |

Plaintiff HANSON AGGREGATES MID-PACIFIC, INC. ("Plaintiff" or "Hanson") hereby submits its supplemental reply brief in support of its Motion to Strike Defendants' Sixth, Eleventh and Sixteenth Affirmative Defenses as to CSL. Pursuant to the Court's directive, this brief is limited to a discussion of the parol evidence aspects of *Royal Ins. Co. et al. v. Orient Overseas Container Line Ltd.,* 2008 U.S. App. LEXIS 1927 (6th Cir. 2008). However, contrary to such directive, CSL has taken the opportunity to merely submit a rehash. Because CSL has strayed from what the Court requested, and because Hanson has had no opportunity to submit a brief after this new case was decided, Hanson respectfully requests that the Court, in fairness, consider this short reply.

## I. INTRODUCTION

The issue before the Court is whether CSL is entitled to invoke the protection of the limitation of liability contained in the Hague Visby Rules pursuant to Clause 21 of the Contract of Affreightment ("COA"). Clause 21 protects the "Owners of the Vessels performing hereunder." The vessel involved in the voyage which is the subject of this lawsuit is the vessel Pioneer. Only one of the defendants owns the vessel Pioneer. Therefore, the question is, does CSL own the vessel Pioneer? If the answer is "no", Clause 21 does not cover CSL but does cover defendant Marbulk. If the answer is "yes", Clause 21 does cover CSL but does not cover defendant Marbulk.

The facts are not in dispute on this point. CSL, does not own the vessel Pioneer; it is owned by defendant Marbulk. Clause 21 does not protect CSL. There is no amount of discovery that will shed light on this issue. This issue is properly before the Court, and all facts related to the issue have been presented by both sides. Hanson respectfully requests that the Court answer the question at this time and the legal authority below supports such a finding.

## II. LEGAL ARGUMENT

At the hearing, Hanson merely requested that the Court take note of the *Royal* court's statement that the intent of the parties should be ascertained from the plain language of the contract where:

> "[N]one of the parties have argued that the contract is ambiguous or that a factual controversy exists regarding Ford's and OOCL's contractual intent, which would require resolution by a fact-finder … Both sides argue that the plain language of the contract unambiguously favors the interpretations they advance." Id. at 28.

The same is true in this case. The court need not and should not search outside the four corners of the document to decide the question before it. The parole evidence rule requires that the document speak for itself unless there is an ambiguity. In the present case, no party has argued any ambiguity, and CSL does not do so in its latest brief.

The facts in this case with respect to this issue are not in dispute. These facts are:

(1) Clause 21 says what it says.

(2) The performing vessel was the Pioneer.

-2-

**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE**
[CASE NO. C 07 3849 JL]

10907416.4

(3)    CSL did not own the Pioneer.

Thus, what remains for this Court to do is to determine whether Clause 21 extends the Hague Visby Rules to CSL, even though CSL does not own the performing vessel Pioneer.

During the hearing, the Court stated that it believed this issue presents a "mixed question of law and fact." If so, additional discovery is not required. A mixed question of law and fact occurs **when the facts are established**, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule. *Pullman-Standard v. Swint,* 456 U.S. 273, 289, n. 19 (1982) (emphasis added).

### III.    CONCLUSION

Hanson respectfully requests that, having reviewed the authority submitted at the hearing, and the supplemental briefing, the Court decide this legal question without the need for discovery.

Dated: February 20, 2008                                        NIXON PEABODY LLP

By:    /s/ Rosalyn P. Mitchell
ROSALYN P. MITCHELL
Attorneys for Plaintiff
HANSON AGGREGATES MID-PACIFIC, INC.

**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE**
[CASE NO. C 07 3849 JL]

10907416.4

## PROOF OF SERVICE

*Hanson Aggregates Mid-Pacific, Inc. v. Pioneer, et al.*
**United States District Court, Northern District**
**Case No.   C 07 3849 JL**

I, the undersigned, certify that I am employed in the City and County of San Francisco, California; that I am over the age of eighteen years and not a party to the within action; and that my business address is Nixon Peabody LLP, One Embarcadero Center, 18th Floor, San Francisco, CA 94111-3600.

On **February 20, 2008**, I served the following document(s):

**SUPPLEMENTAL REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' SIXTH, ELEVENTH AND SIXTEENTH AFFIRMATIVE DEFENSES AS TO CSL**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

  X  :  <u>By Electronic Delivery</u> - I caused each such electronic copy to be sent from the offices of Nixon Peabody LLP, San Francisco, California to the electronic mailing address of the addressee(s).

**Addressee(s)**

| | |
|---|---|
| Richard C. Wootton, Esq.<br>rwootton@cwghp.com<br>Marc T. Cefalu, Esq.<br>mcefalu@cwghp.com<br>**Cox Wootton Griffin Hansen & Poulos LLP**<br>190 The Embarcadero<br>San Francisco, CA  94105<br>Telephone:     (415) 438-4600<br>Facsimile:      (415) 438-4601 | Attorneys for Defendants<br>Marbulk Canada, Inc., Marbulk Shipping, Inc. and CSL International, Inc. |

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 20, 2008, at San Francisco, California.

/s/ Kim Love
Kim Love

PROOF OF SERVICE                                                                                              10907416.4